## BARREDA v. BARREDA et al.

### No. 11896.

Court of Civil Appeals of Texas. San Antonio.

Dec. 8, 1948.

Rehearing Denied Jan. 5, 1949.

Ronald Smallwood, of San Antonio, for appellant.

C. S. Eidman, Jr., of Brownsville, for appellees.

NORVELL, Justice.

The appellee Francisca B. de Barreda secured a decree of divorce from appellant, Rodolfo Pardo Barreda, upon a cross-action. The court made a division of the community property and it is of this portion of the judgment that appellant complains.

Appellant submits thirteen points which are presented under one statement and argument. The trial judge upon proper request filed findings of fact and conclusions of law. Appellant made requests for additional findings, some of which were granted and others refused. While many of appellant's points assert that certain findings are not supported by the evidence and against the overwhelming preponderance of the evidence, we can not review these matters as no statements of facts is included in the record. There are also certain points set out in appellant's brief which are not argued and no portions of the common statement and argument are applicable thereto. These points obviously present no reversible error.

From the statement and argument appearing in the brief, it seems that appellant's complaint relates to the trial court's disposition of various conflicting claims relating to approximately 500 head of cattle branded with a "14" which are situated in the Republic of Mexico, and to the trial court's action in treating a 39-acre tract of land as the separate property of the wife despite appellant's claim to a beneficial interest therein. This latter contention involves a review of the evidence and there being no statement of facts the matter need not be further noticed.

As to the Mexican cattle, on February 23, 1948, appellant filed an inventory and appraisement listing the same as community property and placing a value of $15,000 thereon. Later, in an amended petition, filed May 6, 1948, he alleged that this inventory and appraisement correctly shows the community assets and obligations.

Uvaldo Barreda, a brother of the wife, asserted a claim to these cattle, which was disallowed by the court. Upon request of appellant the trial judge prepared and filed amended findings, which, insofar as they relate to the Mexican cattle, are as follows: "There was an issue over the ownership of some 500 head of cattle situated on El Chapeno Ranch in the State of Tamaulipas, Republic of Mexico, subject to the laws of such republic and state. The plaintiff, Rudolfo Pardo Barreda, in his sworn pleadings, sworn inventory and testimony, never asserted any more than a one-half interest in and to the cattle branded with a 14 brand on El Chapeno Ranch. The defendant, Uvaldo E. Barreda, claimed that such cattle were his sole property. The defendant, Francisca B. de Barreda, by disclaimer, acquiesced in such claim. Said cattle were not within the jurisdiction of the Court and the Court was unable to order said cattle brought within its jurisdiction because of the United States regulations prohibiting the importation of any cloven hooved animals by reason of the Hoof and Mouth Disease Regulations. Said cattle not being within the jurisdiction of the Court, the Court finds that the equity requires that plaintiff, Rudolfo Pardo Barreda's claim thereto, should be valued at $7500.00 in adjusting the property rights of the parties to this suit, which was accordingly done in adjusting the property rights of the parties."

From the trial judge's finding, it appears that in the settlement and division of the community property the appellant was credited with an interest of $7500, be-

cause of his interest in the Mexican cattle. This is all the interest he claimed. Further, on the record before us, we are unable to say that from appellant's standpoint the trial judge abused the discretion vested in him by law in making the overall settlement of the community interests effected by the decree.

 The trial court did not err in refusing appellant's requests for additional findings. Plaza Co. v. White, Tex.Civ. App., 160 S.W.2d 312, wr. ref.

None of appellant's points present a reversible error and they are all overruled.

In view of our disposition of appellant's points, we need not pass upon the crosspoints asserted in the alternative by the appellee Francisca B. de Barreda.

The judgment appealed from is affirmed.