Karen I. DAVIDSON, Appellant,

v.

Dyer D. DAVIDSON, Appellee.

No. 7586.

Court of Civil Appeals of Texas.

Texarkana.

April 14, 1964.

Sexton & Owens, Orange, for appellant.

Stephenson, Stephenson & Thompson, Orange, for appellee.

FANNING, Justice.

Karen I. Davidson and Dyer D. Davidson were divorced by judgment of the District Court of Orange County, Texas, on June 30, 1961, in cause No. 10,466. The judgment insofar as it adjudicated the property rights of the parties is quoted below.[1]

On September 15, 1961, Karen I. Davidson filed suit No. 13,277 in the District Court of Orange County, Texas, against Dyer D. Davidson, alleging to the effect that the parties acquired certain real estate during their marriage in the name of the brother of defendant Dyer D. Davidson and that the parties had an equity in said real estate and further alleging that this real estate equity was not disposed of by the judgment in the divorce judgment heretofore referred to, and Karen Davidson, by this new suit, sought a monetary judgment against Dyer D. Davidson.

1. "The Court further finds that the parties hereto have accumulated certain community property since the date of their marriage, and the Court having heard testimony concerning same is of the opinion, and it is accordingly ORDERED, ADJUDGED AND DECREED by the Court that the plaintiff, Karen I. Davidson, shall receive as her separate property and estate the following described property:

"(1) All personal property which is now in her possession;

"(2) The movie camera, accessories thereto and film, which was property of the community.

"It is ORDERED that title to the above described property is hereby vested in plaintiff, Karen I. Davidson, and divested out of the defendant, Dyer D. Davidson.

"It is further ORDERED, ADJUDGED AND DECREED by the Court that defendant, Dyer D. Davidson, shall receive as his separate property and estate the following described property:

"(1) The shop equipment;

"(2) The horses which belonged to the community;

"(3) All personal property in his possession, excluding the movie camera, accessories and film, which are to be delivered to plaintiff.

"It is ORDERED that the title to the above described property is hereby vested in defendant, Dyer D. Davidson and divested out of the plaintiff, Karen I. Davidson."

Defendant Dyer D. Davidson's plea in abatement pleading res adjudicata was first overruled, however later, on October 18, 1963, by nunc pro tunc order defendant's plea in abatement was sustained. The order recites certain factual matters before the court and states reasons why the plea was sustained which order is quoted in part below.[2] Judgment was also signed and entered on October 18, 1963, sustaining defendant's special exceptions to plaintiff's petition with respect to the original judgment being res adjudicata and dismissing plaintiff's suit. Plaintiff has appealed.

Appellant presents one point on appeal which reads as follows: "The trial court committed error to appellant's prejudice in granting appellee's plea in abatement and stating that the original divorce decree in Cause No. 10,466 was res adjudicata as to any claim of appellant herein."

Appellant has brought forward no Statement of Facts. In the absence of a Statement of Facts, it must be presumed on appeal that sufficient evidence was introduced to support the findings and judgment of the trial court. Lane v. Fair Stores, 150 Tex. 566, 243 S.W.2d 683; Ehrhardt v. Ehrhardt, Jr., Executor, et al., Tex.Civ.App., 368 S.W.2d 37, writ refused.

The judgment of the trial court is affirmed.

2. "On this the 9th day of October, 1963, came on to be considered the defendant's motion for an order nunc pro tunc on defendant's plea in abatement, and came on to be considered the order heretofore entered herein overruling the defendant's plea in abatement to plaintiff's original petition filed herein; and it appearing to the Court that heretofore, on the 1st day of May, 1963, the Court was informed by counsel for plaintiff that there had been an understanding or agreement of some kind at the time of the entry of the divorce decree in Cause No. 10,466, styled Karen I. Davidson vs. Dyer D. Davidson on the docket of this Court, that the matter concerning property could be heard at a later date; and it appearing to the Court that on the 1st day of May, 1963, at the hearing on said plea in abatement, the attorney appearing for the defendant in this case was not active in the trial of the divorce case and knew nothing about such agreement and was not in a position to dispute the same; and it further appearing to the Court that thereafter, to-wit, on the 9th day of October, 1963, at a subsequent hearing before this Court, the attorney for defendant in this case and also the attorney for defendant, Dyer D. Davidson, in the divorce suit made known to the Court that it was understood that there was no such agreement, but to the contrary, correspondence from the Trial Judge in Cause No. 10,466 was introduced to the Court, which correspondence shows and establishes to the Court's satisfaction that there was no such agreement, and further correspondence was presented to the Court directly from the plaintiff's counsel herein to the Judge in Cause No. 10,466 calling the Court's attention to the fact that property should be mentioned and disposed of in the original divorce decree; and further, it was made known to the Court that a hearing was had in the Court's chambers and that the matter of property was incorporated in the judgment entered in Cause No. 10,466.

"NOW, THEREFORE, the Court having reconsidered its prior ruling wherein the defendant's plea in abatement was overruled, and being of the opinion that said plea in abatement should be SUSTAINED, and being of the further opinion that the order overruling defendant's plea in abatement to plaintiff's original petition should be set aside and an order nunc pro tunc sustaining defendant's plea in abatement to plaintiff's original petition should be entered herein:

"It is accordingly ORDERED AND DECREED by the Court that the order overruling the defendant's plea in abatement to plaintiff's original petition be and the same is hereby set aside; and it is further ORDERED AND DECREED by the Court that the defendant's plea in abatement to plaintiff's original petition be and the same is hereby SUSTAINED.

"SIGNED AND ENTERED, this 18th day of October, 1963."