**Elizabeth Ann NIXON, Appellant,**

v.

**Maury Raymond NIXON, Appellee.**

No. 8387.

Court of Civil Appeals of Texas, Texarkana.

Aug. 10, 1976.

Kenneth D. Fuller, Terry & Fuller, Laurence E. Bergman, Garland, for appellant.

Maury Raymond Nixon pro se.

CORNELIUS, Justice.

This is a divorce action. The trial court granted the divorce, divided the community property, and ordered appellee to make specified payments to appellant aggregating $468.00 per month for support of the four minor children. Appellant complains of the property division and child support orders only, contending that they are not supported by sufficient evidence, are

against the great weight and preponderance of the evidence, and constitute an abuse of the trial court's discretion.

The case is before us without a State[ment of facts]. The trial court made [findings of fact and] conclusions of law. The essence of the appeal is that the court's own findings and conclusions militate against the judgment and, of themselves, reveal that it is erroneous and lacks support in the evidence. To illustrate, the court found that the minimum financial requirements of the children amount to $840.00 per month; that appellant is totally incapacitated and unable to make any contribution to those requirements; that appellee's average net monthly income is $1,150.00; and that after the divorce he will be debt free. From these findings, appellant reasons that appellee, after paying the $468.00 per month child support, will have $682.00 in unencumbered funds for his monthly personal use. As the amount of child support ordered by the court is considerably less than the children's minimum needs as found by the court, appellant says the court's own findings show the amount to be grossly inadequate.

In determining the amount of child support, consideration must be given not only to the needs of the children, but to the ability of the father to pay. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97 (1921); *Angel v. Todd,* 368 S.W.2d 224 (Tex.Civ. App. Houston 1963, no writ); *Schwartz v. Jacob,* 394 S.W.2d 15 (Tex.Civ.App. Houston 1965, writ ref'd n. r. e.). It is error to order support payments beyond the father's ability to pay. *Anderson v. Anderson,* 503 S.W.2d 124 (Tex.Civ.App. Corpus Christi 1973, no writ). Appellant urges that the converse of that rule is also true—that if the father is the only one able to contribute, and he is shown to be able to supply *all of the needs* of the children, then it is error to order an amount less than needed. We agree with appellant's proposition as a general statement of principle, but we do not agree with the conclusions she draws from the application of the general principle to the record in this case.

Although the court found that $840.00 was the minimum monthly requirement for the children, $100.00 of that amount is specified in the findings to be the average medical, dental and orthodontic expenses, and the judgment orders appellee to pay *all* medical and dental expenses *in addition* to the $468.00 per month support payments. Thus, according to the court's findings, the amount appellee must actually pay is $568.00 per month, approximately one-half his income. Indeed, the medical and dental expenses may exceed the specified figure, thus increasing appellee's obligations. Furthermore, although appellee was debt free at the time of the divorce, the findings do not reveal what expenses he will reasonably be expected to incur in earning his average income. More than likely the trial court took evidence of those anticipated expenses into consideration in determining appellee's ability to pay child support. In the absence of a Statement of Facts, we must presume there was sufficient evidence to support the court's findings. *Arlington Bank & Trust v. Nowell Motors, Inc.,* 511 S.W.2d 415 (Tex.Civ.App. Fort Worth 1974, no writ); *Davidson v. Davidson,* 378 S.W.2d 702 (Tex.Civ.App. Texarkana 1964, no writ); *Barreda v. Barreda,* 216 S.W.2d 1009 (Tex.Civ.App. San Antonio 1949, no writ); 4 McDonald's, Texas Civil Practice, Sec. 16.10(b). That includes the court's finding that $568.00 per month was the proper amount for appellee to pay under the existing circumstances. Conceding that such amount does not meet the needs of the children, those needs must be balanced against the ability of the father to obtain a livelihood sufficient to pay the amount ordered. To require the father to pay an amount which would destroy his ability to earn, would constitute a detriment rather than an aid to the children. *Kominczak v. Kominczak,* 474 S.W.2d 749 (Tex.Civ.App. Houston–1st dist. 1971, no writ).

The trial court has a wide latitude of discretion in determining the amount of child support. *Clark v. Clark,* 496 S.W.2d 659 (Tex.Civ.App. Waco 1973, no writ);

*Schwartz v. Jacob,* supra. The appellate court is not authorized to overturn that determination unless a clear abuse of discretion is indicated. *Brito · v. Brito,* 346 S.W.2d 133 (Tex.Civ.App. El Paso 1961, writ ref'd n. r. e.). In the absence of a Statement of Facts showing what evidence was before the trial court on the question of appellee's necessary expenses, we are unable to say that an order for him to pay approximately one-half his income in child support is against the great weight and preponderance of the evidence or indicates a clear abuse of discretion.

In dividing the community property, the court awarded appellant the Mercury automobile, all household equipment and furnishings, all cash, bank accounts, and all insurance policies on her or her children, all pension or retirement funds in her name and all personal items in her possession. Appellee was awarded those items of household furnishings then in his possession, any automobile in his possession, a Honda motorcycle and his personal effects. The parties owned a home which the court ordered sold with the proceeds being used to liquidate all community debts. The debts amounted to $3,162.00. The sum of $4,150.00 was received from the sale of the home, leaving a balance, after payment of debts, of $988.00 which was divided 60% to appellant and 40% to appellee. Appellant thus received $592.00 and appellee $395.00. Appellant contends this division was against the great weight and preponderance of the evidence and constituted an abuse of discretion. Again, in the absence of a Statement of Facts showing the circumstances and needs of the respective parties, we are unable to say that such a distribution was error. *Barreda v. Barreda,* supra.

Appellant's points of error are respectfully overruled and the judgment of the trial court is affirmed.