**Mildred L. McKIBBEN, Appellant,**

v.

**Edwin H. McKIBBEN, Appellee.**

No. 15997.

Court of Civil Appeals of Texas,
San Antonio.

May 10, 1978.

Don Krause, Bayne, Snell & Krause, San Antonio, for appellant.

Wayne I. Fagan, Robert L. Knebel, Jr., Davis, Rigely & Fagan, San Antonio, for appellee.

MURRAY, Justice.

This is a divorce suit. Edwin McKibben, plaintiff in the court below, instituted this suit against Mildred L. McKibben, defendant in the court below, seeking a divorce and a division of the property. After a trial before the court, sitting without a jury, judgment was rendered dissolving the marriage and dividing the property, and defendant has perfected appeal to this court on the ground that the division of the property by the court was unjust and unfair. We reverse and remand.

Plaintiff and defendant were married on November 15, 1952, and separated in August of 1973. Plaintiff and defendant had no children, and plaintiff had retired from the military service after 21 years, all of which time he was married to defendant. The separation occurred when plaintiff left defendant in Grand Prairie, Texas, to move in with his girl friend in San Antonio, Texas. Plaintiff is an experienced jet aircraft mechanic, now employed by Dee Howard Aircraft Company where he earns $7,800.00 annually. At the time of the divorce, plaintiff was receiving military retirement of $566.00 per month. Defendant has no ca-

reer field, and since the separation has earned $2,500.00 annually grooming poodles.

At the time of the separation, plaintiff had left a bank account in the amount of $13,300.00 which defendant used to bulldoze, acquire water, electricity, gas, a septic tank and driveway upon a six and one-half acre tract of her separate property and for her living expenses. He also left a 1967 Cadillac which defendant later sold for $650.00 and a Model A Ford which, according to Mr. McKibben's instructions, she gave to her great niece who had stored the car for eight or nine years. During the separation, the defendant had received some of the retirement checks, but the great majority of them had been received by plaintiff.

Of the community property existing at the time of the divorce, plaintiff was awarded his personal effects, a 1971 pickup truck which he valued at $1,200.00, and 90 per cent of the United States Air Force Military Retirement Benefits. Defendant was awarded the mobile home that cost $13,250.00 in 1974, furniture and fixtures worth $2,000.00, the poodle grooming business, the interest that the community might have in the wife's separate property which amounted to something less than $13,000.00, ten per cent of the retirement benefits, and her personal effects. Other items that were awarded defendant were not in existence at the time of the divorce.

■ By far the most valuable asset of the community estate was the retirement benefits. At the time of the divorce decree, the net amount of the retirement benefits was $566.00 per month, and the gross amount was considerably more. At the time of the divorce, plaintiff was a man 43 years of age and had a life expectancy of 29.4 years according to the Department of Health, Education and Welfare application number (HRA) 74–1147, U. S. Department of Health, Education and Welfare Life Tables, p. 5–11. We take judicial notice of this mortality table. 31A C.J.S. *Evidence* § 99 (1964); *Morris v. Morris*, 293 S.W.2d 243 (Ky.Ct.App.1956). At the continued rate of $566.00 per month, this retirement will amount to $199,648.80 in 29.4 years. The present value, discounted at five per cent, would be well in excess of $100,000.00.

■ It is the duty of the trial court to divide the estate of the parties in a fair, just and equitable manner. While it is true that the division of the property does not have to be equal, the discretion of the court is not unlimited, and there must be some reasonable basis for decreeing an unequal division of property. *Keene v. Keene*, 445 S.W.2d 624 (Tex.Civ.App.—Dallas 1969, writ dism'd).

In *Cooper v. Cooper*, 513 S.W.2d 229 (Tex. Civ.App.—Houston [1st Dist.] 1974, no writ), the court discussed the application of the rule:

. . . Factors to be considered include the disparity of the earning power of the parties, as well as their business opportunities, capacities and abilities; [citation omitted] the physical condition of the parties, probable future need for support, and educational background. [citation omitted] The fault in breaking up the marriage and the benefits innocent spouse would have received from a continuation of the marriage are factors which the Court may consider. [citation omitted] These and other matters must be evaluated by the trial court in determining a just and fair division of the property.

All of these factors weigh heavily against plaintiff and in favor of defendant.

■ The unequal distribution of the community estate in this case is not justified by the record and for that reason we conclude that the trial court's judgment herein must be reversed and the case remanded.