**Mary Carolyn CAMPBELL, Appellant,**

v.

**Frank Carroll CAMPBELL, Appellee.**

**No. 19944.**

Court of Civil Appeals of Texas, Dallas.

Aug. 30, 1979.

Gary Allmon Grimes, Patricia L. McKool, Mesquite, for appellant.

Reid A. Rector, Dallas, for appellee.

Before GUITTARD, C. J., and CARVER and STOREY, JJ.

STOREY, Justice.

In question on this appeal is the trial court's award to the husband of the entire community interest in a joint venture. Appellant claims the court erroneously treated the venture interest as the husband's separate property, and consequently its award to the husband resulted in such disparate division of the community estate as to constitute an abuse of discretion under Tex. Fam.Code Ann. § 3.63 (Vernon 1975). We find no evidence in the record that the court considered the venture interest as separate property; nor does the record reflect a disproportionate partition of the community estate. There being no abuse of discretion shown, we affirm the trial court's judgment.

On August 15, 1973, appellant and appellee acquired a twenty-five percent ownership interest in a joint venture which held title to approximately 200 acres of land in Phoenix, Arizona. The same day, appellant executed a "disclaimer deed" whereby she purported to transfer to appellee whatever interest she had in the venture. Of significance is the following recitation in the deed: "4. This instrument is executed not for the purpose of making a gift to the spouse, but solely for the purpose of clearly showing of record that the undersigned has and claims no interest in and to said property." Of the acreage originally purchased, the record shows that all but forty-five acres had been sold at time of trial. The trial court awarded the entire interest to appellee in its divorce decree. Appellee contends that the decree is proper in this respect because the disclaimer deed had the effect of transferring any interest of the wife in this venture to the husband as his separate property.

■ The first question concerns the effect of the disclaimer deed between the parties. The general rule is when one spouse conveys property to the other for a recited consideration, or for no consideration but with intent to make a gift, the property becomes the separate property of the donee. *Belkin v. Ray*, 142 Tex. 71, 176 S.W.2d 162 (1943); *McAdams v. Ogletree*, 348 S.W.2d 75, 84 (Tex.Civ.App.—Beaumont 1961, writ ref'd n.r.e.). In this case, however, appellee admits the conveyance was made for no consideration and the instrument itself expressly negates an intent to make a gift. We agree with appellant, therefore, that the disclaimer deed was ineffective to convey appellant's interest to appellee as his separate property.

■ Nevertheless, we find nothing in the record even remotely indicating that the court considered the interest to be separate property. Appellant argues that the language in the divorce decree shows that the interest in the joint venture was found by the court to be appellee's separate property. In this connection, she calls our attention to the following provision of the decree: "Re-

spondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, and interest in and to such property: (1) any and all property ventures located in Arizona; . . ." We cannot agree that the court considered this to be separate property prior to divorce. Instead, the language in the decree characterizes the land as appellee's separate property only after the court made its partition. This conclusion is clear because the decree contains the same recitation with regard to property awarded to appellant. Appellant points out no other evidence in the record, nor does our examination of it reveal any evidence which would indicate that the trial court treated the interest as anything other than community property.

■ The next question is whether the overall division of property was disproportionate as contended by appellant. Section 3.63 of the Family Code imposes upon the trial court the duty to divide the community estate in a fair, just, and equitable manner. *McKibben v. McKibben*, 567 S.W.2d 538, 539 (Tex.Civ.App.—San Antonio 1978, no writ). Moreover, the trial court is not required to make an equal division of the property. *Thomas v. Thomas*, 525 S.W.2d 200, 202 (Tex.Civ.App.—Houston 1975, no writ). Appellant recognizes the trial court's discretion in this regard, but argues that the disparity between the spouses as a result of awarding the interest in the joint venture to the husband is so disproportionate as to constitute an abuse of that discretion. The only testimony regarding the value of the Arizona venture is that of the husband, who testified:

> THE COURT: [T]he present value [of the property] is about how much?
> THE WITNESS: I'm guessing, *it's going to be* somewhere between two and three hundred thousand dollars, if, you know, everything is done the way it is supposed to be done. We've got a lot of obligations and *we've got a lot of dollars that have to be put into that.* . . . [Emphasis added].

We are unable to determine from this testimony whether "between two and three hundred thousand" represents the estimated value of the parties' twenty-five percent interest or one hundred percent of the equity in the joint venture. The testimony does reveal, however, that this amount represents the property's value only after substantial expenditures have been advanced by the venture. This testimony is insufficient to show the trial court abused its discretion, particularly in light of the overall division of property recited in the divorce decree.

■ Although the decree describes numerous property interests awarded to each party, it fails to reveal the dollar value of those interests. We are therefore unable to determine with any degree of certainty the total dollar amount awarded to each party. The record does show that appellant was awarded substantial properties consisting of the home and household furnishings, cash, life insurance policies, twenty percent interest in fifteen notes payable to appellee, and nineteen percent interest in nine other parcels of property. Appellant was also relieved of liability for substantial debts, because appellee was ordered to assume the payment of approximately $1,000,000 in debts. In the absence of any findings of fact or conclusions of law by the trial court, the judgment will not be disturbed if it can be upheld on any legal theory that finds support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex.1962). The Arizona venture is only one item to be considered in the overall division of property, and we conclude that the award to the husband was not so unequal as to constitute an abuse of discretion by the trial court.

Affirmed.