**Julian ZAMORA, Appellant,**

v.

**San Juanita V. ZAMORA, Appellee.**

**No. 1691.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 11, 1980.

B. Buck Pettitt, Jones & Lewis, McAllen, for appellant.

Robert M. Craig, III, Judin, Ellis & Barron, McAllen, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal of a property division in a decree of divorce. Appellant, Julian Zamora, and appellee, Juanita V. Zamora, who brought the suit, were granted a no-fault divorce due to the unsupportability of the marriage. She was appointed managing conservator of the two minor children. The trial court further ordered a division of the community estate that awarded ownership of the home, which was the principal asset of the parties, solely to the appellee. We hold that such a division constitutes an abuse of discretion. Accordingly, we reverse and remand that part of the cause for a new trial.

The parties were married on September 6, 1968, and lived together for approximately eleven years. Two children, aged eight and four, were born during the marriage. The property of the parties was solely community in nature and consisted of the family home, ($35,000.00), two automobiles (a 1977 Chrysler–$3,500.00, and a 1972 Fiat–$800.00), household furniture, and personal belongings. No values were placed on the household furnishings and personal belongings. There were also several community debts: $7,824.56 mortgage on the house, $1,900.00 debt for the 1977 Chrysler, and approximately $3,000.00 in community retail indebtednesses.

The division of the community estate by the trial court awarded the appellee sole title to the family house ($35,000.00), the 1977 Chrysler ($3,500.00), and assorted household and personal belongings. It was decreed that appellee should assume both the mortgage on the house ($7,824.56) and the loan on the car ($1,900.00). She was also ordered to pay $1,097.50, or approximately one-third of the community retail indebtedness. The net value of her share of the community estate is $27,677.94. Appellee was also appointed managing conservator of the two young children.

Appellant received the 1972 Fiat ($800.00) and assorted household and personal belongings for which no dollar value was given. It was ordered that appellant pay the remainder of the community retail indebtedness of approximately $2,000.00. His share of the community estate is therefore a minus net value. Appellant was also ordered to pay $200.00 per month in child support. Each party was ordered to pay the cost of legal representation.

It is the task of the reviewing court to examine the division to see if the trial court has abused its discretion in dividing the property. *Boriack v. Boriack*, 541 S.W.2d 237 (Tex.Civ.App.—Corpus Christi 1976, writ dism'd). The mere fact that the community estate is not equally divided does not constitute an abuse of discretion. *Erger v. Erger*, 590 S.W.2d 186 (Tex.Civ. App.—Fort Worth 1979, writ dism'd). The

trial court is awarded wide discretion in this area. Tex.Family Code Ann. art. 3.63 (1975); *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975). Such discretion is not unlimited, however, and there must be some reasonable basis for the unequal division. *Tarin v. Tarin*, 605 S.W.2d 392 (Tex. Civ.App.—El Paso 1980, no writ); *McKibben v. McKibben*, 567 S.W.2d 538 (Tex.Civ. App.—San Antonio 1978, no writ). The division of property must not be so disproportionate as to be inequitable and the circumstances must justify awarding more than one-half to one spouse. *Thomas v. Thomas*, 525 S.W.2d 200 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ).

In determining whether a trial court has abused its discretion, the reviewing court should first look to the actual division to see if it is fair, just and equitable. An examination of the division of the community estate by the trial court shows a gross disparity between the dollar value of property received by both parties. Appellee received a net share amounting to $27,-677.94, while appellant received property totalling a minus net value. The division of the community estate is clearly inequitable.

Such an unequitable division of the estate is permitted if there is some reasonable explanation for the unequal division. The court may consider many factors in determining whether one party requires a greater portion of the community estate, some of which are: 1) relative earning capacities and business experience of the parties, 2) educational background of the parties, 3) size of separate estates, 4) the age, health, and physical condition of the parties, 5) fault in breaking up the marriage, 6) the benefits the innocent spouse would have received had the marriage continued, 7) probable need for future support. *Erger v. Erger*, supra at 188; *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

The findings of fact and conclusions of law filed by the trial court provide some explanation as to why the court divided the property so unequally. The trial court found that the appellant makes more mon-

ey than the appellee, although the record suggests that the difference is not great, and also that he possesses a skill marketable in the printing trade. On the other hand, the appellee was found by the trial court to be unskilled and working in the cosmetic department of a large grocery/variety store. As to the house itself, the trial court found that it was in the best interest of the children that a sale of the house not be ordered, and that a sale of the house would result in a marked lessening of its value.

These findings of fact and conclusions of law, however, do not justify the grossly unequal division of the community estate as ordered by the trial court. Such a division, given the circumstances presented by this case, constitutes a clear abuse of discretion. To award almost all of the community property to the appellee is patently unfair and unequitable. Accordingly, we must reverse the judgment and remand the cause for a new trial.

This judgment should not be interpreted as a comment on the award for child support of $200.00 per month. The trial court need not divide the burden of support of the minor children equally. "A court's order of child support will not be disturbed unless the complaining party can show a clear abuse of discretion." *Boriack v. Boriack*, supra; *Anderson v. Anderson*, 503 S.W.2d 124 (Tex.Civ.App.—Corpus Christi 1973, no writ). No clear abuse of discretion by the trial court in ordering the $200.00 per month in child support has been shown by the appellant.

The appellee has brought forward a cross point complaining of the failure of the trial court to award attorney's fees to her. The matter of awarding of attorneys fees is also discretionary. In the retrial, the court may, if it chooses, resolve the issue of attorney's fees as a factor to be considered in making an equitable division of the community estate. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950).

That part of the trial court's judgment which divides the community property of the parties is reversed and remanded for a new trial, and in all other respects the judgment is affirmed. All costs are taxed against the appellee.