**Linda Lou WOODS, Appellant,**

v.

**Ritchey Paul WOODS, Jr., Appellee.**

**No. B2709.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 8, 1981.

Wallace D. Henderson, Hope, Henderson, Hohman & Georges, San Antonio, for appellant.

Richard L. Reed, San Antonio, for appellee.

Before COULSON, MILLER and MURPHY, JJ.

MILLER, Justice.

This is a divorce case. Appellant, Linda Woods, appeals the decree of divorce entered on February 7, 1980. The decree dissolved the marriage existing between her and appellee, Ritchey Woods, appointed Linda Woods managing conservator of the minor child of the parties and appointed Ritchey Woods possessory conservator of said child, ordered that Ritchey Woods pay $200.00 per month child support, divided the property and assigned responsibility for

debts, and decreed Linda Woods' attorney be awarded $750.00 for legal services rendered.

Linda Woods filed an original and amended motion for new trial complaining of the property division and the child support award. The motion for new trial was overruled by the trial court and Linda Woods thereafter duly perfected her appeal.

In her first four points of error Linda Woods complains the trial court erred in dividing the property of the parties. She argues the property division favors Ritchey Woods by some $2,642.50 and that considering the equitable factors we must look to, this unequal division is not justified. More specifically, Linda Woods urges the trial court erred in awarding Ritchey Woods the entire amount of the pension and retirement benefits which was accumulated at the time the parties were divorced. We disagree.

The controlling statutory authority governing the trial court's division of property upon divorce is Tex. Fam. Code Ann. § 3.63 (Vernon 1975). This section provides:

> In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

■ It is well-settled in Texas that the trial court has broad discretion in dividing the assets of the parties upon divorce and the lower court's division will not be disturbed on appeal unless a clear abuse of discretion is shown. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976). It is not required that the property be divided equally, *Colley v. Colley*, 597 S.W.2d 30 (Tex.Civ.App.–Austin 1980, no writ), it being the duty of the trial court only to divide the estate of the parties in a fair, just and equitable manner. *McKibben v. McKibben*, 567 S.W.2d 538 (Tex.Civ.App.–San Antonio 1978, no writ). The discretion of the trial court is not unlimited, however, and there

must be some reasonable basis for decreeing an unequal division of the property. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ. App.–Houston [1st Dist.] 1974, no writ).

■ We are not convinced the trial judge in the instant case abused his discretion in dividing the assets of the parties. According to Linda Woods, the trial court's division favors Ritchey Woods by over $2,600.00. In her brief she sets forth a chart summarizing the division which supports this allegation. The chart, however, does not take into account that Linda Woods was awarded the home of the parties as her sole and separate property, subject only to the original lien and a lien in the amount of $3,500.00 in favor of Ritchey Woods.[1] Even though the parties had agreed among themselves as to the disposition of the house, the trial court was required to take it into account in reaching an equitable division of the estate. *Matter of the Marriage of Long*, 542 S.W.2d 712 (Tex. Civ.App.–Texarkana 1976, no writ).

Considering the entire property division, including the award of the house to the appellant, we cannot say the trial judge abused his discretion in the division of the property.

■ As to Linda Woods' complaint of the trial court's awarding Ritchey Woods all of the pension benefits, we hold that this award should be taken along with the other divisions of property to determine if the division *as a whole* is fair, just and equitable. There is no requirement that community pension benefits be divided equally, and the trial court has the discretion to award the entire amount to the husband, as long as no abuse of discretion is shown in the division of the estate. *Matter of the Marriage of Butler*, 543 S.W.2d 147, 150 (Tex.Civ.App.–Texarkana 1976, writ dism'd); *Smith v. Manger*, 449 S.W.2d 347, 349 (Tex.Civ.App.–San Antonio 1970, no writ). As held above, we find no abuse of discretion when considering the property

---

1. The basis of the $3,500.00 lien was a gift to Ritchey Woods from his parents to help in the purchase of the home.

division as a whole, therefore appellant's points of error one through four are overruled.

In point of error five appellant complains the child support ordered by the trial court is insufficient. We disagree.

█ The trial court has broad discretion to determine child support and we cannot substitute our judgment for his, even though we may have ordered a different amount. *Brito v. Brito*, 346 S.W.2d 133, 134 (Tex.Civ.App.–El Paso 1961, writ ref'd n.r. e.). Consequently, we will not disturb the trial court's order absent a clear showing of an abuse of discretion. *Labowitz v. Labowitz*, 542 S.W.2d 922, 924 (Tex.Civ.App.–Dallas 1976, no writ).

In the case at bar the trial court ordered Ritchey Woods to pay child support in the amount of $200.00 per month "until the child reaches the age of 18 or is otherwise emancipated."

█ We cannot say from the record in this case that the award of child support was so inadequate as to amount to a clear abuse of discretion. Point of error five is overruled.

Judgment affirmed.