Carlos WELCH, Appellant,

v.

Mary Jean WELCH, Appellee.

No. A14–84–501CV.

Court of Appeals of Texas,
Houston (14th Dist.).

March 28, 1985.

James S. Kelly, Houston, for appellant.

Jerry K. Atkins, Jerry K. Atkins & Associates, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment entered in a non-jury divorce action. After a trial to the court, a final decree was rendered concerning child custody, child support, and division of the community property. In one point of error, Appellant contends the trial court abused its discretion by (1) awarding a disproportionate amount of the community property to Appellee and (2) in awarding Appellee $1,000 per month child support. No findings of fact and conclusions of law were filed. We reverse and remand.

Mary Jean Welch and Carlos Monroe Welch were married in 1964 and separated in January 1983. Mrs. Welch filed suit for divorce approximately two weeks after the separation. Their two minor children were ages 14 and 16 at the time the divorce was granted. Of the parties' community property and debts, the trial court made the following division:[1]

| Wife takes: | | Husband takes: | |
|---|---|---|---|
| House (subject to immediate sale) | $ 190,000 | K–W Distributing Co. | $ 460,000 |
| One-half net proceeds from sale of Iowa Colony property | 13,000 | One-half net proceeds from sale of Iowa Colony property | 13,000 |
| | | Lien proceeds from house sale | 35,000 |
| | $ 203,000 | | $ 508,000 |
| Wife pays: | | Husband pays: | |
| First and second liens on house | $ 75,000 | K–W Distributing Co. indebtedness | $ 531,000 |
| Vendor's lien note to Husband | 35,000 | | |
| | $ 110,000 | | $ 531,000 |
| Net to Wife: | $ 93,000 | Net to Husband: | ($ 23,000) |

1. Appellee has filed no brief, so we may accept as true the values stated in Appellant's brief. *See* Tex.R.Civ.P. 419.

TEX.FAM.CODE ANN. § 3.63 (Vernon 1975) provides:

> In a decree of divorce or annulment the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

In complaining of the trial court's division of the property, one must be able to demonstrate from the evidence in the record that the division arrived at is so unjust and unfair as to constitute an abuse of discretion. *Hedtke v. Hedtke,* 112 Tex. 404, 248 S.W. 21 (1923); *Cockerham v. Cockerham,* 527 S.W.2d 162 (Tex.1975). This court should resolve every reasonable presumption in favor of a proper exercise of discretion of the trial court in dividing the property of the parties. *Van Dyke v. Van Dyke,* 624 S.W.2d 800 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981); *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). While it is not required that the property be divided equally, the trial court must divide the estate in an equitable manner. *Woods v. Woods,* 619 S.W.2d 590, 592 (Tex.Civ.App. —Houston [14th Dist.] 1981, no writ). Such discretion is not unlimited, however, and there must be some reasonable basis for an unequal division of the property. *Woods,* 619 S.W.2d at 592; *Zamora v. Zamora,* 611 S.W.2d 660 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Tarin v. Tarin,* 605 S.W.2d 392 (Tex.Civ.App.—El Paso 1980, no writ); *McKibben v. McKibben,* 567 S.W.2d 538 (Tex.Civ.App.—San Antonio 1978, no writ). In making the division, the trial court may consider such factors as the relative earning capacities and business experience of the parties, their educational background, the size of their separate estates, their age, health and physical condition, the fault in breaking up the marriage, and the benefits an innocent spouse may have received from a continuation of the marriage. *Janik v. Janik,* 634 S.W.2d 323 (Tex.App.—Houston [14th Dist.] 1982, no

writ); *Zamora,* 611 S.W.2d at 662; *Bokhoven v. Bokhoven,* 559 S.W.2d 142 (Tex.Civ. App.—Tyler 1977, no writ).

■ An examination of the record before us indicates a gross disparity between the value of the community property awarded each party by the trial court. Appellee received a net share of property worth approximately $93,000. Appellant received property subject to debts which exceeded the value of the assets by approximately $23,000. Such division of the community property is clearly inequitable. At trial, Appellant testified that the parties' business, K–W Distributing Company, was in deep financial trouble and there was little chance that it would survive. Both he and Appellee had personally guaranteed all of the company's debts. Appellant testified at trial that he was using all available funds to pay the company's creditors and, as a result, was unable to pay himself a salary. Appellant was 53 years old and had a master's degree. He had worked for Gulf Oil for twenty-two years prior to starting the parties' business, a wholesale distributor for supplies used in the oil and gas industry. Thus, all of Appellant's expertise was in oil-related businesses, which were, overall, suffering a substantial economic downturn. Appellant possessed some separate real property which had yielded an income of $18,000–20,000 the prior year. However, Appellant testified, without dispute, that for the past ten years, all of the income from his separate property had gone to his mother as her sole source of income. In addition, Appellant was awarded custody of the parties' fourteen year old daughter and was to be responsible for all of her needs.

In contrast, at the time of trial, Appellee was 42 years of age, had only a highschool education, and was currently working as a secretary and bookkeeper for a security company, earning a gross salary of $1,200 per month. Prior to the parties' separation, Appellee had worked with her hus-

band in the couple's company. However, Appellee testified that she had also sold real estate for approximately eight years, and that her real estate license was current. Appellee was awarded custody of the parties' older daughter, soon to be seventeen years old.

While evidence of the circumstances of the two parties might justify awarding a greater portion of the community estate to Appellee, we cannot support the grossly unequal division made in this case. Such a division constitutes a clear abuse of discretion. *See Zamora,* 611 S.W.2d 660.

■ Appellant further complains that the trial court abused its discretion by ordering him to pay $1,000 per month child support. We agree. TEX.FAM.CODE ANN. § 14.07 provides that "[t]he best interest of the child shall always be the primary consideration of the court in determining the question of support." The duty of a parent to support a child is not limited to the current earnings of each spouse, but extends to the financial resources available to each parent, the respective obligations borne by each parent, nonfinancial contributions made, and the standard of living to which the children have become accustomed. *Grandinetti v. Grandinetti,* 600 S.W.2d 371 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). The duty to support a child falls equally on both parents. Each parent should support the child commensurate with his ability to pay, but the amount paid should not be so great as to deny that party the necessary expenses of living. *Strauss v. Strauss,* 619 S.W.2d 18 (Tex.Civ. App.—Corpus Christi 1981, no writ); *Boriack v. Boriack,* 541 S.W.2d 237 (Tex.Civ. App.—Corpus Christi 1976, writ dism'd). It is error to order support payments beyond the father's ability to pay. *Nixon v. Nixon,* 540 S.W.2d 740 (Tex.Civ.App.—Texarkana 1976, no writ).

■ The trial court awarded custody of the parties' sixteen year old daughter to Appellee, and ordered Appellant to pay her $1,000 per month child support. Appellant was awarded custody of the younger daughter, but he was not awarded child support. As noted earlier, at the time of trial, Appellant was receiving no salary from his business due to the extreme indebtedness of the company. The trial court awarded him community property with a minus net value. His sole source of income at the time of the divorce came from his separate property which had amounted to $18,000–20,000 the previous year. No evidence was presented to indicate what the income from this property would be in the future. In addition, Appellant was awarded custody of his younger daughter who was also in need of support.

Appellee testified that her sole source of income was $1,200 monthly gross earnings she received from her job. She further testified that her house payment, pool note, and utilities (pending the sale of the parties' home) were $1,800 per month. In addition, she had to provide food, clothing and other necessaries to the parties' older child. However, in contrast to Appellant, the trial court awarded Appellee property worth at least $93,000, exclusive of any debts. In view of Appellant's depleted assets, relatively low income, and substantial community debts at the time of the divorce, we believe the trial court abused its discretion by awarding Appellee $1,000 per month child support.

We reverse and remand the cause for a new trial.