NUMBER 13-99-570-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


DONACIANO G. FLORES, Appellant,


v.



EVA CARDONA FLORES, Appellee.

____________________________________________________________________


On appeal from the 117th District Court of Nueces County,

Texas.

____________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez(1)


Opinion by Justice Yañez


 Donaciano Flores appeals from the judgment issued in his divorce
from Eva Flores. We affirm.


Background

 Donaciano and Eva Flores were married in 1976. In 1985,
Donaciano suffered serious injury when he fell from a scaffold while
working. Donaciano filed suit as a result of his injuries; this suit was
ultimately settled in 1989. An annuity was purchased with
$188,308.00 of the settlement money. The annuity provided for
monthly payments to Donaciano of $925.00 each month "for 360
payments certain and life thereafter" and three lump sum payments of
$50,000.00, $150,000.00, and $250,000.00. 

 Eva filed for divorce in 1995. The divorce was tried in the 117th
District Court in Nueces County, Texas. The bench trial was heard
before Judge Jack Hunter, a visiting judge, rather than Judge Robert
Blackmon, the presiding judge of the 117th District Court. Following
the trial, Judge Hunter issued a final decree of divorce, which awarded
all of the annuity proceeds to Donaciano. Eva filed a timely motion for
new trial, which was heard by Judge Blackmon, who granted the
motion. The second bench trial was held in 1999, before Judge
Blackmon. After the trial, Judge Blackmon issued a final decree of
divorce which awarded Eva one-half of the lump-sum annuity payments
as well as child support for the minor children of the marriage. 
Donaciano now appeals from this decree with six issues, challenging
the validity of the new trial; the trial court's characterization of the
settlement as community property; the division of the estate; the child
support awarded by the trial court; and the trial court's exclusion of an
exhibit Donaciano offered in evidence.

The New Trial

 With his first issue on appeal, Donaciano questions whether the
trial court actually granted a new trial to Eva, and then argues, in the
alternative, that if the trial court did actually sign an order granting a
new trial, it was signed after the trial court had lost plenary power. 
With his second issue, Donaciano argues that even if the court granted
a motion for new trial while within its plenary power, the court erred in
granting the motion.

 Following the first trial, Eva filed a "Motion for Reconsideration or,
in the Alternative, Motion for New Trial," in which she requested that
the court either reconsider the child support and property division
contained in the judgment rendered in the first trial, or grant a new trial. 
Following a hearing on November 20, 1999, Judge Blackmon signed an
order, entitled simply, "Order," which states in full:

BE IT REMEMBERED, that on the 20th day of November,
1998, came on to be considered the above and foregoing
Motion for Reconsideration or, in the alterative Motion for
New Trial and in consideration of the same, it is the opinion
of the Court that the same be:


 [ ] DENIED, to which ruling the Defendant excepts.

 [ ] GRANTEDThe box in front of the word "granted" is marked.





 Donaciano argues that the order is ambiguous and does not state
which motion is being granted. In construing an ambiguous order, we
consider the entire contents of the instrument and the record. Lone Star
Cement Corp. v. Fair, 467 S.W.2d 402, 405 (Tex. 1971). At the hearing
on November 20, Donaciano argued against the granting of a new trial. 
No mention is made of any reconsideration of the judgment rendered in
the first trial. The hearing ends with the judge granting the motion and
telling the attorneys, "Get it set." Ultimately, a new trial was held.

 Considering the record of the hearing, and the fact that the trial
court held a second trial, we conclude that the order did, in fact, grant
a new trial.

 Donaciano also argues that the order is void because it was signed
by the judge after the court had lost plenary power over the case. A
trial court has plenary power over a case for thirty days after signing the
final judgment. Tex. R. Civ. P. 329b(d); Lane Bank Equip. Co. v. Smith
S. Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000). A motion for new trial
must be filed within this thirty day period. Tex. R. Civ. P. 329b(a). If
such a motion is timely filed, rule 329b(c) grants plenary power to the
trial court for seventy-five days from the date judgment was signed.
Tex. R. Civ. P. 329b(c).

 In the instant case, the original final decree of divorce was signed
on September 22, 1998. Eva filed her motion for new trial on October
21, 1998, thus extending the plenary power of the trial court. The order
granting a new trial was issued on November 20, 1998, within the
court's period of plenary power.(2) Issue number one is overruled.

 In his second issue, appellant argues that the trial court erred in
granting a new trial. An order granting a new trial in a civil case is not
subject to review, either by a direct appeal from such order or by an
appeal from a final judgment rendered after the subsequent trial on the
merits, where the motion for new trial was timely filed and the trial
court granted the motion during its period of plenary power over the
judgment. Cummins v. Paisan Constr. Co., 682 S.W.2d 235 (Tex.
1984)(per curiam); Sommers v. Concepcion, 20 S.W.3d 27, 36 (Tex.
App.--Houston [14th Dist.] 2000, pet. denied); Wolk v. Life Partners, Inc.
994 S.W.2d 934, 935 (Tex. App.--Waco 1999, no pet.); Wenske v.
Wenske, 776 S.W.2d 779, 780 (Tex. App.--Corpus Christi 1989, no
writ); Bass Exploration v. Thunderbow Oil Corp., 670 S.W.2d 421, 422
(Tex. App.--Corpus Christi 1984, no writ). Appellant's second issue is
accordingly overruled.

Characterization of the Settlement Award

 Appellant argues, with his third issue, that the trial court erred by
characterizing the settlement proceeds as community property. A trial
court may not divest a spouse of his or her separate property. 
Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 142 (Tex. 1977). If a trial
court mischaracterizes property in its division of the marital estate, the
error requires reversal if the mischaracterization has more than a de
minimis effect on the court's just and right division of the property. 
Vandiver v. Vandiver, 4 S.W.3d 300, 302 (Tex. App.--Corpus Christi
1999, pet. denied). 

 There is a well established presumption that property possessed
by a spouse at the time of the dissolution of a marriage is community
property. Tex. Fam. Code Ann. § 3.003(a) (Vernon 1998); Licata v.
Licata, 11 S.W.3d 269, 273 (Tex. App.--Houston [14th Dist.] 1999, pet.
denied); Farish v. Farish, 982 S.W.2d 623, 629 (Tex. App.--Houston [1st
Dist.] 1998, no pet.); Bahr v. Kohr, 980 S.W.2d 723, 726 (Tex. App.--San Antonio 1998 no pet.); Panozzo v. Panozzo, 904 S.W.2d 780, 786
(Tex. App.--Corpus Christi 1995, no writ); Faram v. Gervitz-Faram, 895
S.W.2d 839, 842 (Tex. App.--Fort Worth 1995, no writ). A spouse
seeking to rebut the presumption of community property must do so by
clear and convincing evidence. Tex. Fam. Code Ann. § 3.003(b) (Vernon
1998); Licata, 11 S.W.3d at 273. A spouse seeking to rebut the
presumption bears the burden of tracing and clearly identifying the
property claimed as separate. Welder v. Welder, 794 S.W.2d 420, 425
(Tex. App.--Corpus Christi 1990, no writ).

 Money recovered as compensation for personal injuries sustained
by a spouse is the separate property of that spouse. Tex. Fam. Code
Ann. § 3.001 (Vernon 1998); Licata, 11 S.W.3d at 273. However, when
a spouse receives a settlement from a lawsuit during marriage, some of
which could be community property, that spouse bears the burden of
demonstrating that the settlement is his separate property. Licata, 11
S.W.3d at 273. Not all personal injury damages are separate property;
damages such as lost wages and medical expenses are recoverable by
the community estate. Slaton v. Slaton, 987 S.W.2d 180, 183 (Tex.
App.--Houston [14th Dist.] 1999, pet. denied). To overcome the
presumption that all property received during marriage is community
property, the spouse claiming a settlement as separate property must
produce clear and convincing evidence showing that the recovery is
compensation solely for the personal injury of that spouse. Tex. Fam.
Code Ann. § 3.003 (Vernon 1998); Licata, 11 S.W.3d at 273. A spouse
who does not show that the recovery was solely for the personal injury
of the spouse does not overcome the presumption that all property
received during marriage is community property. Licata, 11 S.W.3d at
273. In the case now before this Court, the ultimate issue is whether
Donaciano, as the spouse claiming the settlement as separate property,
met the burden of proof at trial.

 Donaciano introduced three documents in evidence: a "settlement
statement" showing a gross recovery of $403,308.00, a certificate
showing that an annuity contract had been purchased, and an
inventory of the property he claimed to possess. Donaciano also offered
a "release of all claims and indemnity agreement," to which Eva
objected. The court sustained Eva's objection and the document was
not admitted in evidence. Donaciano did not offer the pleadings in the
lawsuit which resulted in the settlement. In addition to the documents
he did offer in evidence, Donaciano testified that he suffered injuries to
his heels, legs, and back, when he fell from a scaffolding. Donaciano
stated that as a result of his injuries, he incurred medical bills and that
Eva had to either quit, or lost, her job.

 Donaciano has failed to meet his burden. The documentary
evidence in the record shows only that Donaciano received a settlement
of $403,308.00, an annuity was purchased, and Donaciano claimed the
settlement as his separate property. Although we have evidence of the
amount of the settlement award, we have no evidence before us as to
the nature of the settlement award. We have been presented with no
evidence showing that all of the settlement was solely for personal
injury, in fact the record indicates that there were medical expenses, as
well as lost wages, both of which are expenses recoverable by the
community estate. Slaton, 987 S.W.2d at 183. Because there is so
little evidence before this Court concerning the settlement and the
lawsuit that spawned the settlement, we are unable to find that the trial
court erred by finding the settlement to be community property. 
Donaciano bore the burden of rebutting the community property
presumption, and he failed to meet his burden.

 Appellant contends that the annuity payments do not constitute
property and thus, are not subject to the trial court's division power. 
Annuities are property subject to the trial court's power. McElwee v.
McElwee, 911 S.W.2d 182, 188 (Tex. App.--Houston [1st Dist.] 1995
writ denied). The annuity in this case was purchased with money
apparently received as a result of the settlement. The characterization
of property as either "community" or "separate" is determined by the
inception of title to the property. Smith v. Buss, 135 Tex. 566, 144
S.W.2d 529, 532 (Tex. 1940); Winkle v. Winkle, 951 S.W.2d 80, 88
(Tex. App.--Corpus Christi 1997, writ denied). In this case, the annuity
was purchased during the marriage with money from the settlement,
which, as discussed above, was properly found by the trial court to be
community property. 

 In his appellate brief, Donaciano also advances the argument that
the trial court could not award one half of the annuity to Eva because
the annuity is not owned or possessed by either Donaciano or Eva. The
trial court's divorce decree awards Eva "[o]ne half of the Alexander
Hamilton Life Insurance Company of America Annuity Policy No.
4000050085 guaranteed payment to Donaciano G. Flores in the amount
of $150,000.00 due on March 29, 2009, and the guaranteed payment
to Donaciano G. Flores in the amount of $250,000.00 due on March 29,
2019." The trial court did not err in finding that the annuity and, thus,
the payments proceeding from it, are community property subject to the
trial court's authority to divide the marital estate. Appellant's third
issue is overruled.

The Division of the Estate

 With his fourth issue, appellant argues that the trial court abused
its discretion by awarding to appellee one-half of the annuity installment
lump-sum payment. The family code obliges a trial court to order a
"just and right" division of the marital estate. Tex. Fam. Code Ann. §
7.001 (Vernon 1998). In making this division, the trial court is to
consider "the rights of each party and any children of the marriage." Id.

 Trial courts are given wide discretion when dividing the marital
estate. Tenery v. Tenery, 932 S.W.2d 29, 30 (Tex. 1996); Vandiver, 4
S.W.3d at 303. The trial court is presumed to have exercised its
discretion properly. Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981);
LeBlanc v. LeBlanc, 761 S.W.2d 450, 452 (Tex. App.--Corpus Christi
1988), writ denied per curiam, 778 S.W.2d 865 (Tex. 1996). The test
for abuse of discretion is whether the court acted arbitrarily or
unreasonably, not whether, in the opinion of the reviewing court, the
facts present an appropriate case for the trial court's action. LeBlanc,
762 S.W.2d at 452. The burden is on the appellant to demonstrate
from the record that the trial court's division is so manifestly unfair and
unjust as to constitute a clear abuse of discretion. Welch v. Welch, 694
S.W.2d 374, 376 (Tex. App.--Houston [14th Dist.] 1985, no writ). A
trial court is not required to divide marital property equally. Murff, 615
S.W.2d at 698-99.

 In the instant case, Donaciano is arguing that the trial court erred
by awarding Eva one half of the annuity payments. The court did not
divide the monthly payments of $915.00. The basis of Donaciano's
argument is that the division is inequitable because it "awards one half
of [Donaciano's] entire personal injury award . . . in a situation where
the community property estate . . . has already been fully
compensated[.]" This argument necessarily fails because we have
already determined that Donaciano failed to meet his burden of proving
the settlement award was his personal property. Donaciano points out
that he suffered great injuries as a result of his accident, which will
have a permanent, negative effect on the quality of his life. Although
this could support the court awarding a greater share of the community
property to appellant, it does not require such a result. 

 To find an abuse of discretion, appellant must show that the trial
court acted arbitrarily or unreasonably, not simply that a case would
allow for a different division of the estate. LeBlanc, 762 S.W.2d at 452. 
Although Donaciano and Eva were named joint managing conservators
of the three children of the marriage, Eva was given the right to
establish the primary residence of the children. Eva was given
possession of the children the greater amount of time. This supports
granting Eva a larger share of the community estate, in order to care for
the children. Appellant has failed to meet his burden of demonstrating
from the record that the trial court's division is so manifestly unfair and
unjust as to constitute a clear abuse of discretion. Welch, 694 S.W.2d
at 376. Issue number four is overruled.

The Child Support Issue

 With his fifth issue, Donaciano challenges the child support
ordered by the trial court. To preserve a complaint for review, the
record must show that the complaint was made to the trial court. Tex.
R. App. P. 33.1. We find nothing in the record before us to indicate that
Donaciano raised a complaint to the trial court about the child support
order. Issue number five is overruled.




The Exclusion of Donaciano's Evidence

 With his final issue on appeal, Donaciano argues that the trial
court erred in ruling that "Respondent's Exhibit 2" was inadmissible. 
The exhibit in question is a document entitled "Release of All Claims
and Indemnity Agreement." The document is signed only by
Donaciano, is not dated, witnessed, or notarized. When Donaciano
offered the exhibit at trial, he was questioned by Eva, after which, Eva
objected to the exhibit, arguing that it had not been properly identified. 
See Tex. R. Evid. 901.

 Decisions about the admissibility of evidence are left to the sound
discretion of the trial court. Owens-Corning Fiberglass Corp. v. Malone,
972 S.W.2d 35, 43 (Tex. 1998); Gee v. Liberty Mut. Fire Ins. Co., 765
S.W.2d 394, 396 (Tex. 1989); Pegasus Energy Corp. v. Cheyenne
Petroleum Co., 3 S.W.3d 112, 133 (Tex. App.--Corpus Christi 1999, pet.
denied). A trial court abuses its discretion when it acts without regard
for any guiding rules or principles. City of Brownsville v. Alvarado, 897
S.W.2d 750, 754 (Tex. 1995). To obtain reversal of a judgment based
on error in the admission or exclusion of evidence, appellants must
show that the trial court committed error, and that the error was
reasonably calculated to cause and probably did cause the rendition of
an improper judgment. Tex. R. App. P. 44.1(a)(1); McCraw v. Maris, 828
S.W.2d 756, 758 (Tex. 1992); Gee, 765 S.W.2d at 396; Pegasus Energy
Corp., 3 S.W.3d at 133; Downen v. Texas Gulf Shrimp Co., 846 S.W.2d
506, 512 (Tex. App.--Corpus Christi 1993, writ denied). 

 

 At the trial, when questioned by Eva, Donaciano was unable to
identify the document,(3) admitting that he didn't know "for sure" that
the exhibit was the paper involved in the lawsuit. On appeal,
Donaciano argues that the document was adequately identified and any
objections to it were questions pertaining to the weight, not the
admissibility, of the document. The document has a signature page,
with spaces for the signatures of two witnesses as well as Donaciano,
a space to record the date of execution, and a notary's jurat. The date
is not filled in, there are no witness signatures, it is neither signed nor
sealed by a notary, and there are no marks in the spaces in the jurat for
the date and county. Eva complained at trial that the document had
never been produced in discovery.

 We do not find that the trial court abused its discretion by refusing
to admit this exhibit in evidence. The party offering the document was
unable to identify the document as being the settlement agreement in
his lawsuit, and the document is not notarized, witnessed, or dated. 
Donaciano failed to adequately identify the document as being the final
settlement of his claims arising from his accident. Issue number six is
overruled.

 





 The judgment of the trial court is AFFIRMED.




 
 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

12th day of April, 2001.


1. Retired Justice Melchor Chavez assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).
2. Although the order includes the date of the hearing, the order
does not state the date it was actually signed by Judge Blackmon. See
Tex. R. Civ. P. 306a(2) (judges, attorneys, and clerks are directed to use
their best efforts to cause all orders to be reduced to writing and signed
by the trial judge with the date of signing stated therein). This Court
abated this appeal and ordered the trial court to certify the date the
order was signed. Tex. R. Civ. P. 306a(2) (if the date of signing is not
recited in the judgment or order, it may be shown in the record by a
certificate of the judge). Judge Blackmon has certified that he signed
the order in question on November 20, 1998, and has submitted that
certification as a supplemental clerk's record.
3. When Donaciano offered the exhibit in evidence, Eva was granted
permission by the trial court to question him on voir dire.