09-17-00415-CV

CASE NO. F-0225289

FILED

DEC 1 1 2017

CAROL ANNE HARLEY
CLERK OF THE COURT
NINTH COURT OF APPEALS

IN THE COURT OF APPEALS FOR THE

THIRTEENTH DISTRICT OF TEXAS

JAMES ALLEN PELLOAT, APPELLANT PRO-SE

V.

KATHERINE McKAY BOLLENBAUCHER, APPELLEE

ON APPEAL FROM THE 279th JUDICIAL DISTRICT

COURT OF JEFFERSON COUNTY, TEXAS

APPELLANT'S BRIEF

James Allen Pelloat
TDCJ # 1289716
C.T.TERRELL UNIT
1300 FM 655
Rosharon, Tex.77583

## IDENTITY OF PARTIES AND COUNSEL

1) James Allen Pelloat

   T.D.C.J. # 1289716

   C.T.Terrell Unit

   1300 FM 655

   Rosharon, Texas 77583

   Appellant Pro-Se


2) Katherine McKay Bollenbaucher

   2485 Highway 96 S.

   Lumberton, Texas 77657

   Appellee


3) Packard LaPray

   1248 Orleans

   Beaumont, Texas 77701

   Attorney For Appellee

# TABLE OF CONTENTS

Cover ............................................................ 1

Identity of Parties ............................................. 2

Table of Contents .............................................. 3

Index of Authorities ........................................... 4-8

Statement of Facts and Procedural History ...................... 9-11

Summary of Arguments ........................................... 12— 13

Issues Presented ............................................... 14—23

Points of Errors With Arguments ................................ 24 — 43

Requested Relief ............................................... 44—

Prayer ......................................................... 45

Certificate of Service ......................................... 46

Declaration .................................................... 45

INDEX OF AUTHORITIES

CASE LAW                                                                          PAGE

Amelia's Inc. v. Rodriguez, 921 S.W.2d 767 ........................... 31

Alsenz v. Alsenz, 101 S.W.3d 648 .................................... 28

Am. Gen.Fire& Cas. Co. v. Shatman, 761 S.W.2d 582 ................... 38

Austin v. Shaminie, 948 S.W.2d 927 ................................. 31

Bahr v. Kohr, 980 S.W.2d 727 ....................................... 29

Barnett v. Barnett, 67 S.W.3d 104 (tx.2001) ........................ 28

Berry v. Berry, 647 S.W.2d 945 (tx.2001) ........................... 30

Board of Trus.of Bastrop I.S.D. v. Tougate, 959 S.W.2d 365(tx.1997)... 32

Bohn v. Bohn, 455 S.W.2d 404 ....................................... 29

Brouseau v. Ranzow, 25 S.W.3d 285 . . . . . . . . . . . . . . . . . . 32

Browning v. Prostok, 163 S.W.3d 336 (tx.2005) . . . . . . . . . . . . 42

Burchfield v. Finch, 918 S.W.2d 422 . . . . . . . . . . . . . . . . . 34

Caldwell v. Barnes, 975 S.W.2d 535 (tx.1990)  . . . . . . . . . . . . 33

Caldwell II, 154 S.W.3d @ 197 (tx.2004) . . . . . . . . . . . . . . . 32

Camp v. Camp, 972 S.W.2d 906 . . . . . . . . . . . . . . . . . . . . 29

Campbell v. Campbell, 587 S.W.2d 513    . . . . . . . . . . . . . . . 29

Carson v. Gomez, 14 S.W.3d 778   . . . . . . . . . . . . . . . . . . 27

Cash v. Beau. Dealers Auto Auct. Inc., 275 S.W.3d 918 . . . . . . . . 43

CCGECPW u R of M v. Arriba Ltd., 882 S.W.2d 576 . . . . . . . . . . . 32

Cho v. Hong, 249 S.W.3d 441 . . . . . . . . . . . . . . . . . . . . . 31

Colden v. Alexander, 171 S.W.2d 328 (tx.1943) . . . . . . . . . . . . 28

D B v. K B, 176 S.W.3d 343 . . . . . . . . . . . . . . . . . . . . . 28

Dean v. Kirk, 508 S.W.2d 70 (tx.1974)  . . . . . . . . . . . . . . . 41

Decker v. Decker, 192 S.W.3d 648 . . . . . . . . . . . . . . . . . . 29

Eberle v. Adams, 73 S.W.3d 322 . . . . . . . . . . . . . . . . . . . 28

Eggemeyer v. Eggemeyer, 554 S.W.2d 149 (tx.1977)  . . . . . . . . . . 29

## INDEX OF AUTHORITIES

CASE LAW                                                  PAGE

Fruong v. City of Houston, 99 S.W.3d 204 . . . . . . . . . . . . . . . . 25

Finn v. Finn, 658 S.W.2d 735 . . . . . . . . . . . . . . . . . . . . . 25

Fisher-Stoker v. Stoker, 174 S.W.3d 272 . . . . . . . . . . . . . . . . 30

Flores v. Flores, 116 S.W.3d 870 . . . . . . . . . . . . . . . . . . . 25

Foley v. Parlier, 68 S.W.3d 870 . . . . . . . . . . . . . . . . . . . 31

Freeman v. State, 96 S.W.3d 827 . . . . . . . . . . . . . . . . . . . 33

Gainous v. Gainous, 219 S.W.3d 97 . . . . . . . . . . . . . . . . . . 34

Gorman v. Life Ins., 859 S.W.2d 389 . . . . . . . . . . . . . . . . . 31

Handley v. Handley, 122 S.W.3d 904 . . . . . . . . . . . . . . . . . . 31

Henry S. Miller v. Evans, 459 S.W.2d 426 (tx.1970) . . . . . . . . . . 28

In Re Dynamic Health, Inc., 32 S.W.3d 876 . . . . . . . . . . . . . . 25

In Re E R, 385 S.W.3d 552 (tx.2012) . . . . . . . . . . . . . . . . . 42

In Re Husain, 168 BR 591 . . . . . . . . . . . . . . . . . . . . . . 37

In Re K.R., 32 S.W.3d 85 . . . . . . . . . . . . . . . . . . . . . . 27

In Re Marriage of Ham, 59 S.W.3d 326 . . . . . . . . . . . . . . . . . 43

In Re Marriage of Notash, 110 S.W.3d 868 . . . . . . . . . . . . . . . 41

In Re North Am. Refrac. Div. Co., 83 S.W.3d 97 . . . . . . . . . . . . 33

Jones v. Jones, 154 S.W.3d 229 . . . . . . . . . . . . . . . . . . . . 35

Langdale v. Villimil, 813 S.W.2d 443 . . . . . . . . . . . . . . . . . 32

Lawrence v. Lawrence, 911 S.W.2d 463 . . . . . . . . . . . . . . . . . 40

LBL Oil Co. v. International Power Serv., 777 S.W.2d 390 . . . . . . . . 42

Limbaugh v. Limbaugh, 91 S.W.3d 1 . . . . . . . . . . . . . . . . . . 39

Lofflano Brac. Co. v. Downey, 822 S.W.2d 249 . . . . . . . . . . . . . 32

Lopez v. Lopez, 754 S.W.2d 921 (tx.1988) . . . . . . . . . . . . . . . 32

Lowe v. Gulf States Utilities Co., 75 S.W.3d 449 . . . . . . . . . . . 28

Mabon, Ltd., 369 S.W.3d 312 (tx.2012) . . . . . . . . . . . . . . . . 32

## INDEX OF AUTHORITIES

CASE LAW                                                                 PAGE

Matter of Marriage of Devine, 869 S.W.2d 45 . . . . . . . . . . . . . . . . . . . . . . . 28

Middleton v. Murff, 689 S.W.2d 212 (tx.1985) . . . . . . . . . . . . . 42

Moore v. Moore, 840 S.W.2d 821 . . . . . . . . . . . . . . . . . . . . 28

Mowbray v. Avery, 76 S.W.3d 663 . . . . . . . . . . . . . . . . . . . 39

Nichols v. Jack Ekerd Corp., 908 S.W.2d 5 . . . . . . . . . . . . . . . 40

Pinkston v. Pinkston, 266 S.W.2d 575 . . . . . . . . . . . . . . . . . 38

PSU-Exts. Elec. v. Trejo, 166 S.W.3d 889 . . . . . . . . . . . . . . . 33

Reiss v. Reiss, 118 S.W.3d 439 (tx.2003) . . . . . . . . . . . . . . . 34

Roach v. Roach, 672 S.W.2d 524 . . . . . . . . . . . . . . . . . . . . 30

Roberts v. Roberts, 999 S.W.2d 424 . . . . . . . . . . . . . . . . . . 29

Rusk v. Rusk, 5 S.W. 299 . . . . . . . . . . . . . . . . . . . . . . . 41

Schindler Elevator Corp. v. Anderson, 78 S.W.3d 309 . . . . . . . . . . 32

Schuleter v. Schuleter, 929 S.W.2d 96 . . . . . . . . . . . . . . . . . 31

Scott v. Scott, 805 S.W.2d 885 . . . . . . . . . . . . . . . . . . . . 29

Shanks v. Treadway, 110 S.W.3d 44 (tx.2003) . . . . . . . . . . . . . . 34

Shindler v. Anderson, 985 S.W.2d 342 . . . . . . . . . . . . . . . . . 28

Smith v. Smith, 836 S.W.2d 422 . . . . . . . . . . . . . . . . . . . . 30

Smith v. Smith, 225 S.W.3d 140 . . . . . . . . . . . . . . . . . . . . 26

Soloman, Lambert, Roth & Assoc. v. Kidd, 904 S.W.2d 897 . . . . . . . . 32

State v. 1985 Chev. Pick-up Truck, 778 S.W.2d 463 . . . . . . . . . . . 33

Strawder v. Thomas, 846 S.W.2d 61 . . . . . . . . . . . . . . . . . . . 33

Taggart v. Taggart, 552 S.W.2d 423 (tx.1977) . . . . . . . . . . . . . 34

Toles v. Toles, 45 S.W.3d 253 . . . . . . . . . . . . . . . . . . . . . 31

Turner v. Montgomery, 831 S.W.2d 848 . . . . . . . . . . . . . . . . . 25

Union City Body Inc. v. Ramirez, 911 S.W.2d 196 . . . . . . . . . . . . 32

Walling v. Metcalfe, 863 S.W.2d 298 (tx.1993) . . . . . . . . . . . . . 42

Walton v. Walton, 864 S.W.2d 652 . . . . . . . . . . . . . . . . . . . 29

Welder v. Welder, 794 S.W.2d 420 . . . . . . . . . . . . . . . . . . . 29

# INDEX OF AUTHORITIES

CASE LAW                                                                PAGE

West Tex. State Bank v. General Res. Mamt.,757 S.W.2d 304 . . . . . .    32

Williams v. Donnelly, 113 S.W.3d 10 . . . . . . . . . . . . . . . .      25

Williams v. Lavender, 797 S.W.2d 410 . . . . . . . . . . . . . . .       31

Winkle v. Winkle, 931 S.W.2d 420 . . . . . . . . . . . . . . . . .       29

Little v. U.S. Fidelity & Guaranty, 217 Miss. 576, 64 So.2d 697 . .      30

## FEDERAL CASE LAWS

Compo Computor Corp. v. Procon Tech, Inc., 988 F.Supp. 1409 . . . .      25

Eventes v. Sacoin, 407 U.S.67, 8092 S. Ct. 1983 . . . . . . . . . .      33

Haslip, 449 U.S. 1, @ 21 . . . . . . . . . . . . . . . . . . . . .        28

Lemon v. Skidmore, 985 F.2d 354 . . . . . . . . . . . . . . . . . .       27

Matter of Parrish, 7 F.3d 76 (Tex.) . . . . . . . . . . . . . . . .       28

Ray v. Lueben, 812 F.2d 179 . . . . . . . . . . . . . . . . . . . .       28

## CONSTITUTION CITATIONS

U.S. Const. Amend. 5 . . . . . . . . . . . . . . . . . . . . . . .        27

U.S. Const. Amend. 6 . . . . . . . . . . . . . . . . . . . . . . .        27

U.S. Const. Amend. 14 . . . . . . . . . . . . . . . . . . . . . . .       27

Tex. Const. Art. 1 § 9 . . . . . . . . . . . . . . . . . . . . . .        27

Tex. Const. Art. 16 § 15 . . . . . . . . . . . . . . . . . . . . .        29

## STATUTES

Civ. Prac.& Rem. Codes, Art.§ 8.219 . . . . . . . . . . . . . . . .       32

Civ. Prac.& Rem. Codes, Art.§ 16.051 . . . . . . . . . . . . . . .        19

# INDEX OF AUTHORITIES

| CASE LAW | PAGE |
|---|---|
| Civ. Prac.& Rem. Codes, Art. 162 § 2 | 32 |
| Tex. Rules Of Civ. Proc., Rule 21 | 32 |
| Tex. Rules of Civ. Proc., Rule 21a | 32 |
| Tex. Rules of Civ. Proc., Rule 124 | 41 |
| Tex. Rules of Civ. Proc., Rule 305 | 42 |
| Tex. Rules of Civ. Proc., Rule 306 | 21 |
| Tex. Rules of Civ. Proc., Rule 316 | 15 |
| Tex. Family Code, § 3.001 (1) | 17 |
| Tex. Family Code, § 3.002 | 32 |
| Tex. Family Code, § 6.703 | 31 |
| Tex. Family Code, § 7.001 | 34 |
| Tex. Family Code, § 9.0029 | 32 |
| Tex. Family Code, § 9.008 | 34 |
| Tex. Gov't Code, § 24.016 | 24 |
| Tex. Rules of App. Proc., Rule 33.1 (a) | 21 |
| Tex. Rules of Evidence, Rule 503 | 21 |
| Tex. Penal Code, § 32.10 | 37 |
| Tex. Penal Code, § 32.46 | 37 |

## STATEMENT OF THE CASE
## PROCEDURAL HISTORY

JUNE 25,2009 : Appellant received Citation of Divorce by Certified Mail and not a Constable as required per Judge Shelton's Order (Phone Hearing MAY 12,2016)..;

JULY 1,2009 : An Ex Parte Hearing was held in the 279th District Court, Exhibits and Testimony was given without Appellant present (see: Transcript JULY 1,2009 on file). Thereat Judge Shelton GRANTED Appellee, Katherine McKay, 100% complete control and custody of ALL marital assets and funds, including Appellants' Texas Teachers' Retirement Annuity, rendering Appellant Indigent and Desolate..;

AUGUST 26,2009 : Appellant Filed MOTION FOR DISCOVERY..;

OCTOBER 5,2009 : In a Phone Hearing Appellant again spoke his REQUEST FOR DISCOVERY which was Ignored by Judge Shelton (see: Transcript October 5,2009)..;

NOVEMBER 9,2009 : Appellant again Filed a MOTION FOR DISCOVERY. All went unanswered by Attorney for Appellee, Troy D. Soileau and Judge Shelton.;

AUGUST 23-26,2010 : Jury Trial for Divorce was held in the 279th District Court. Transcript currently unavailable due to extreme cost and the unavailability of the Court Reporter..;

APRIL 25,2011 : Final Decree of Divorce signed by Judge Shelton ignoring OBJECTIONS filed MARCH 8 & 10, 2011..;

JULY 11,2011, AUGUST 16,2011,and AUGUST 17,2011 : Attorney Troy Soileau Filed NUNC PRO TUNC's with Judge Shelton without notifying Appellant of Judgments to be presented and signed and without attaching a Certificate of Service to each document as required by the Texas Rules of Civil Procedurs..;

AUGUST 24,2011 : Appellant received All Three NUNC PRO TUNCs from Attorney Troy Soileau with a letter dated AUGUST 17,2011 stating," this is what I have done since the Signing of the Final Decree of Divorce on APRIL 25,2011..;

MAY 15,2015 : Appellant sent letter to Att. Melody Petitt concerning QDRO and her use of SPECIAL INSTRUCTION 1, claiming the valuation date to extend number of years married from May 2000, the date of Retirement, until August 2010, the date of Divorce, noting valuation date had to do with the Death of one party and neither Appellee nor Appellant had Died..;

JUNE 20,2015 : Att. Melody Petitt Filed an AMENDED MOTION to sign QDRO, dropping Special Instruction 1 and adding Special Instruction 6, claiming to make the QDRO fit the Teachers' Retirement Guidelines..;

SEPTEMBER 22,2015 : Appellant Filed AMENDED BILL OF REVIEW MOTION..;

MAY 12,2016 : BILL OF REVIEW MOTION was Denied by Judge Shelton stating Appellee had not been properly served..;

AUGUST 14,2016 : Judge Shelton signed Appellee's MOTION TO SIGN QDRO as Amended OVER protests made by Appellant (see: Transcript August 14,2016);

AUGUST 3,2017 : Hearing on Appellant's BILL OF REVIEW held and Denied by Judge Shelton.....; Moreso, the Hearing was limited to Only 30 minutes by Judge Shelton which caused MANY objections to be omitted....

Attorney for Appellee did File and Caused to be signed a NUNC PRO TUNC Final Decree of Divorce, a First Amended NUNC PRO TUNC Final Decree of Divorce, and a Second Amended NUNC PRO TUNC Final Decree of Divorce WITHOUT notifying Appellant on any Judgments to be submitted and signed, violating ALL Tex. Rules of Civil Proc.rules concerning Proper Service or a Certificate of Service, violating the Due Process and Fundamental Clauses of the United States and Texas' Constitutions.. Lack of Notice VOIDS any Judgments( Rule 124, Tx.R.Civ.Proc.,-No Service No Judgment)..

Since Att. Troy Soileau filed the whole Decree each time with the NUNC PRO TUNCs instead of only the "Clerical Issues" to be corrected, each Judgment in its' Entirety is VOID..

Appellant is suffering under a wrongfully acquired Judgment which satisfies EQUITY for the BILL OF REVIEW, and Appellant should be GRANTED the Relief requested herein...

(13)

ISSUES  DEFINED

ABUSE  OF  DISCRETION

JUDGE SHELTON ABUSED HIS DISCRETION WHEN HE:

(1) held an Ex Parte Hearing on July 1,2009 without Appellant or

Attorney present, even by Phone,;

(2) ignored and failed to consider a Request from Appellant for

DISCOVER on October 5,2009, having already ignored a previous

Request For Discovery on August 9,2009,;

(3) Denied Appointment of Counsel for Indigent Appellant, who was made

Indigent on July 1,2009 at the Ex Parte Hearing by Judge Shelton

Granting SOLE and EXCLUSIVE control of Appellant's Teachers'

Retirement Annuity to Appellee, Katherine McKay, on October 5,2009,

January 5,2010, and August 24,2010,;

(4) forced Appellant, over his OBJECTIONS, into wearing identifiable

prison/jail attire and Leg Shackles during the entire Trial for

Divorce, even when Appellant made it known to the Court that Free

World Clothes were available at the County Jail,;

(5) failed to follow correct and proper procedures to ensure a Fair and

Impartial Trial or to Hold a Hearing to determine whether or not

Appellant was a Extreme Risk to the Court, Jury and/or Spectators

that would require Appellant to be dress in prison/jail clothes

and shackled, or to Admonish the Jury as to why Appellant was so

dressed, and was to be Tried for his Guilt or Innocence on a TORT

Claim and had his Freedom even more threatened by Attorney for

Appellee when Attorney stated in Court that the District Attorneys

from Jefferson and Newton Counties would be present to decide after

hearing Testimony whether or not additional Charges on Appellant

would be Filed,;

(14)

(6) allowed the Jury to Award Damages of $10,000 and Exemplary Damages of $750,000 and $250,000 when No Actual damages were Proven and were clearly Excessive,;

(7) allowed the Home at 212 south 15th Street, Nederland, Texas, to be put to the Jury to decide who the House belonged to..,knowing that the House was Deeded to Appellant and Appellant Only at his Mothers' death on October 3,2003, and the Warranty Deed had and/or showed No Intention of granting Appellee the House as a Gift or No Separate Property Recital giving to her as her Separated Property. The issue was again brought to the Courts' attention in ALL APPEALS and at the Hearing on Appellants' BILL OF REVIEW held August 3,2017. Inherited Property is Separate Property per se,;

(8) awarded 75% of the Community Property to Appellee which was more than $\frac{1}{2}$ of the Community Estate, and by Law must be Justified by the Judge which has yet to be done. That makes the Fault of the Appellant Conduct the only issue Recorded requiring the ordering of 75% of the Community Property and Tort Damages totalling $1,010,000.00, constituting a Forbidden Double Recovery,;

(9) at the Trial for Divorce, stopped the Trial and called ONLY Appellees' Attorney, Troy Soileau, into his Chambers for a One-on-One Ex Parte Conversation, which was an Illegal Ex Parte Conversation and Strongly hinted of Civil Conspiracy between the Two,;

(10) signed the NUNC PRO TUNCs dated July 11,2011, August 16,2011, and August 17,2011, without requiring a Certificate of Service or a Sworn Letter citing compliance with the Rules of Service pursuant to Rule 21a, Tx.R.Civ.Proc., and such were Signed in the privacy of Judges' Chambers instead of in Open Court as is required pursuant to Rule 316, Tx.R.Civ.Proc.,;

(11) set Phone Hearing for November 5,2009, November 28,2011, April 20,2012, and July 20,2016 without sending Appellant ANY NOTICE as to the date of the Hearings and what was to be discussed at those Hearings..

(15)

Such failings amounts to Extrinsic Fraud, Deprivation of Due Process and Fundamental Fairness, and Denying Appellant his RIGHT to Fully Defend his case, and Illegally initiating Ex Parte Conversations by informing Appellees' Attorneys of the dates and what was to be decided ahead of time.

(12) got angry when Appellant questioned about the numbers of years going onto the QDRO, and threatened to remove Appellant from the August 14,2015 Hearing (see; Phone Transcripts). Appellant was attempting to get clarification on the number of years of Marriage that would be used. According to the Taggart formula set by the Supreme Court of Texas, as while Married under the Retirement plan, but on the QDRO it stated the number of years Married moving the date of Retirement Benefits from May 2000, to the date of Divorce- August 2010, or an extra 10 years and 3 months of Benefits to Appellee. Judge Shelton cut the Hearing short without allowing Appellant to Cite all of his issues, i.e. Special Instruction 6, and Arbitrairily signed the QDRO over the Appellants' OBJECTIONS and without giving clear number of years going onto the QDRO,;

(13) asked Ms. Petitt, Appellees' second Attorney, after the Hearing ended and Appellant got off the Phone, " Melody, would you send him a copy of what was done Today?" (see: Transcript August 14,2015 p.26). According to the Tex.R.CIV.PROC., Rule 306(3), it is the Clerk of the Court's Responsibility to IMMEDIATELLY NOTIFY EACH CONCERNED PARTY that a Judgment was Signed and NOT the Opposing Attorney's Responsibility. This was a Factual Ex Parte Conversation and a showing of Bias and Favoritism,;

(16)

(14) at the Hearing scheduled May 12,2001, originally scheduled for 1:30 pm but not held until 3:30 pm, asked if Appellant had properly Served Appellee with the Citation of the BILL OF REVIEW by Constable, and Appellant said,"No, the Lawyer had been Served". The Judge responded," well, no one is here", leaving the impression with Appellant that Appellee's Attorney and/or Appellee were either told not to show up ahead of time or that or at the scheduled 1:30 pm Hearing by the Judge or one of the Courts' Staff who had been told what to tell them. This advice amounted to an ILLEGAL Ex Parte Conversation between Judge Shelton and Appellee which was not only an Abuse of Discretion but also Judicial Misconduct and Civil Conspiracy,(see: Transcript May 12,2016 included as Exh.),;

(15) ignored a MOTION FOR AN INJUNCTION to stop Appelle from selling the House at 212 south 15th.Street, Nederland, Texas, Filed on/about July 6,2017...,and then Defying The Supreme Court of Texas by Denying Appellants' Claim that the House was Inherited when Appellants' Mother passed away on October 2003 and was Appellants' Separate Property by Inception of Title. The Supreme Court has Ruled on many occasions that Separate or Community Property is Decided at the time of Inception of Title and DOES NOT change throughout any number of Transformation,;

(16) denied Appellants' Exhibit concerning the Number of Years to be put in the Record determining the Community Property Interest in Appellants' Teachers' Retirement System Annuity. Judge Shelton allowed Appellee Piece of Evidence showing the Marriage lasted 23.25 Years, confusing the number of years spelled out in Taggart, but when Appellant admitted his Evidence giving the correct Years that could apply under Taggart it was Denied by Judge as Confusing to the Jury,;

(17) on August 3,2011, held a Hearing that was Filed with the Court Clerk as a " ORDER SETTING TRIAL "; however, Judge's letter to Appellant stated the Hearing was concerning a BILL OF REVIEW, limiting the Time to only 30 minutes. It was an Official Mistake

(17)

as well as an Abuse of Discretion to change the Order For Trial Setting to a Hearing, especially limiting the Time to just 30 minutes considering the Time Span covered in the BILL OF REVIEW which is dated from June 19,2009 up to the present day,;

(18) after more than enough Evidence, but not all of it, was supplied which clearly supported a Primie Facie Case, instead of automatically Setting a Trial Date as required, the Judge arbitrairly and without regards to existing Laws as is required by the Tex.R.Civ.Proc., Denied Appellants' MOTION, which such Action was not only an Abuse of Discretion but also Violated Appellants' Due Process and Fundamental Fairness Clauses of the United States and Texas' Constitutions..

## ISSUE TWO

## EXTRINSIC FRAUD

FOUND IN TEX.CIV.PRAC.& REM.CODE, art. § 16.051

Extrinsic Fraud such as may provide bask setting aside a Judgment.., is Fraud which Denies a Party the opportunity to Fully Litigate upon Trial ALL Rights of Defense the Party is entitled to assert..

(1) Denial or Ignoring of Appellants' Legally Filed Motion For Discovery on August 2009, October 2009, and November 2009 were not only Extrinsic Fraud, because Judge denied the Full Facts of the Case to Appellant, but deprived Appellant of Due Process and Fundamental Fairness..Moreso, the blatant refusal of Att.Troy Soileau to divulge the Facts Of The Case to be discussed at Trial amounted to Attorney coming into Court with unclean hands which Tainted all Court Proceeding after the year 2009,;

(2) There was No Form of Service or Certification of Service in the NUNC PRO TUNC Final Decree of Divorce, neither in the First Amended NUNC PRO TUNC Final Decree of Divorce nor in the Second Amended NUNC PRO TUNC Final Decree of Divorce. All 3 NUNC PRO TUNCs are examples of Extrinsic Fraud and since certain items were removed from the Final Decree of Divorce, the NUNC PRO TUNCs did not merely deal with the addition or changing of Appelles' Name, but some type of Ex Parte Conversation was held between Judge Shelton and Att.Troy Soileau,Appellees' Lawyer, (see: Copies of All NUNC PRO TUNCs on File with Court),;

(3) The lack of meaningful Notice to the Hearings of November 3,2009, November 28,2012, April 20,2014, and July 20,2017 was Extrinsic Fraud. Appellant was NOT given advance notices by Judge Shelton that a Phone Hearing had been Set nor was Appellant informed as to what all would be discussed, leading Appellant totally unprepared at the Hearings, depriving Appellant of Due Process, and being unable to Defend himself against opponent who were properly notified, (see: Transcript, lack of Notice stated in Phone Hearings of April 20,2012 and July 2017),;

(19)

(4) It was an Official Mistake and Extrinsic Fraud when the Clerk of the 279th District Court DID NOT immediately Notify ALL PARTIES that a Judgment had been Signed pursuant to Rule 306(3) of the Tex.R.Civ.Proc.. On April 25,2011, Final Decree of Divorce was Signed without Notifying Appellant of such and then rendering Appellant Time-Barred from Appealing such on May 25,2011.. On July 11,2011 a NUNC PRO TUNC was signed without Notifying Appellant of such and then rendering Appellant Time-Barred from Appealing such on August 11,2011.. Then again, on August 16,2011 the First NUNC PRO TUNC(Amended), and on August 17,2011 the Secind Amended NUNC PRO TUNC, were signed without ANY notification to Appellant of such and then rendering Appellant Time-Barred from Appealing such. On September 5,2011 Appellant Filed his First Request For a New Trial. No Where in the Record does this Notification from the Clerk of the Court appear..

(20)

(2) signed ALL 3 NUNC PRO TUNCs' Final Decree of Divorce without requiring a Certificate of Service that ALL PARTIES had been served with a True Copy before the Judgment was signed,;

(3) misquoted the TAGGART v. TAGGART doctrine when Judge Shelton stated in the Charge to the Jury that it was the total months the Employee and Spouse were Married ( leaving out under the Retirement Plan ), and then letting the same be stated in the formula for the QDRO....


ISSUE FOUR
VOIDABLE JUDGMENT


Appellant contends that pursuant to the TEX.R.CIV.PROC., the TEX.CIV.PRAC.& REM.CODE, and STATUTORY AUTHORITIES cited herein, the Final Decree of Divorce and its' subsequent NUNC PRO TUNCs are VOID as a matter of LAW due to Non-Compliance of Statute.

Such Judgments were Signed in the absence of Appellant and without Notifying Appellant of their signore as required by Statute. Thus, Appellant states that the Judgments of the Final Decree of Divorce, and subsequent NUNC PRO TUNCs, are in fact Void..


(22)

# ISSUE FIVE
## DUE PROCESS VIOLATION

The Due Process Clause of the 14th Amendment to the United States Constitution is designed to Protect against Arbitrary goverment actions. The Amendment prohibits ANY Government entity from depriving any Citizen of Life, Liberty, or Property without Due Process of Law. Due Process protections require that no Citizen of the United States, whether a Felon or not, be subjected to ANY Arbitrary deprivations of...property despite Judicial Official's interest in Discretion and flexibility..

Appellant contends herein that the Judicial Officials of the Trial Court had REPEATEDLY, throughout this entire Divorce proceedings, exhibited a strong Antagonism and Arbitrary Bias towards Appellant that did not make for a Fair Judgments nor Trial which Unconstitutionally deprived Appellant of his Property..

Appellant states that Court proceedings were Fundamentally Unfair, causing many Abuses of Court Discretion, and Violated Appellants' 14th Amendment to the United States Constitution..

(23)

## POINTS OF ERROR AND ARGUMENTS
### ISSUE ONE

The Appellate Court Reviews the Trial Courts' decisions under an ABUSE OF DISCRETION standard.. It is an Abuse of Discretion when the Trial Court, as to legal issues, acts without reference to Guidelines, Rules, or Principals, or as to Factual Issues, or acts in an Arbitrary or unreasonable manner..

The following issues, except those involving the QDRO, have been brought to the Courts' attention by way of :

(1) Appellant's Request for NEW TRIAL, denied by Judge Shelton;

(2) Appellant's Appeal to the Ninth Court of Appeals and to the Texas Supreme Court, both Denied as Time-Barred by a Reply to a Remand dated April 20,2012, where Judge Shelton and Att.Troy Soileau held Ex Parte Conversations to deliberately hinder and sabotage Appellants' Right to Appeal;

(3) Appellant's Motion for BILL OF REVIEW Filed on December 2012, again on June 2015 (First Amended), and again on July 2016 (Second Amended).. The BILL OF REVIEW were Denied by Judge Shelton on August 3,2017 without giving a reason for such Denial.. A Finding of Facts and Conclusions of Law Request was sent to Judge Shelton on August 12,2017.. Appellant received Respose on Sept.28,2017, but the " Past Due Findings " Filed on Sept.21,2017 has not been answered by the Court and a 3rd such Request has been issued as of date..

Appellant has not been negligent and has brought ALL Legal Issues before the Court pursuant to the Rules and Guidelines of Statutory Authorities, (see: ALL Court Transcripts and Motions Filed)...

(24)

(3) the Trial Court failed to give meaningful or any consideration to Appellants' repeated Motions For Appointment of Counsel after making Appellant Indigent at the Ex Parte Hearing when Judge Shelton Awarded 100% control of Appellants' Retirement Annuity to Appellee, and then stating at Trial that HE neither had the Authority nor the Funds to Appoint Counsel for Appellant. The accuracy and proper division of property were at their peak, and the risk of Error on specifically troublesome points of Law could have been properly argued by a professional Lawyer.. Chief Justice Oniell stated in Smith v. Smith, 225 S.W.3d 140," By attempting to Represent himself,[defendant] was Disadvantaged from the outset. Laymen simply can not be expected to know how to protect their Rights when dealing with a practiced and carefully counseled Adversary".. Appellant was Forced to Defend himself by Judge Shelton's Abuse of Discretion in making Appellant indigent, destitute and then refusing Appellant his Right to Appointed Counsel.. There is a presumption that an indigent, incarcerated litigant has the Right to Appointed Counsel when the Risk of the proceeding might lead to confinement.. The admission in Court by Att.Troy Soileau that the District Attorneys from Jefferson and Newton Counties had been invited to hear testimony from witnesses to evaluate if further Charges would be Filed on Appellant clearly constituted a Possibility of Further Confinement..
Tex.Gov't Code, § 24.016 states that a District Judge may Appoint Counsel for an indigent Party in a Civil Case who makes an Affidavit that he is too poor to employ Counsel,, Thomas v. Anderson, 861 S.W.2d 58...

(4) the Trial Court forced Appellant to wear prison clothing throughout the WHOLE Trial Court proceedings.. Pursuant to the Tex.Rules of App.Proc., sec. 33.1 (a), as a prerequisite to presenting a complaint for Appellate Review, the Record must show the Complaint was made to the Trial Court by a Timely Objection (see: Reporters' record in Cause F-206473, Matter of Marriage of Pelloat)..

Because Appellant told the Court the Free-World clothing was avaiable for Him at the County Jail, the Trial Courts' Decision to Deny Appellant access to the Free-World clothing and Force Appellant To Act as His own Attorney in an Orange Jefferson County Jumpsuit and Bound with Shackles, was Arbitrary, Unreasonable, Shocking to the Concious and clearly an Abuse of Discretion.. Under these circumstances, it Violated Appellants' Right to a Fair Trial, Guaranteed to him by the Due Process, Equal Protection, and Fundamental Fairness Clauses of the United States Constitution (U.S.C.A. Const.Amend., 5th, 6th, and 14th),, and also Art. 1, sec. 9, of the Texas' Constitution.. The mere fact that Appellant was incarcerated WAS NOT suffient Reason to Shackle or Force Appellant into prison clothing, In re K.R.,22 S.W.3d 85..

Before any Judge should permit a case to proceed under such circumstances, He should be very sure of His grounds and the Record must reflect those Reasons.. The Record in Appellants' Cause is Void as to ANY Findings by the Trial Court for such a need to restrain the Appellant, Force him into wearing prison/jail clothing.. Moreso, the Record is Void as to the Trial Court giving curative instructions to the Jury..

(5) the Trial Court acted without regard for Guidelines, Rules or Principals, Abuse its' Discretion and rendered the Entire Trial Fundamentally Unfair, Denied Constitutional Rights of Due Process and Fair Trials, and made Appellant appear to be a meancing psycopath, presenting a clear and present danger to his Wife, to Veriremen and to all those passing within his grasp,,see: Lemon v. Skidmore, 985 F.2d 354..., Smith, supra @ 140.., Carson v. Gomez,14 S.W.3d 778.. Appellant was humiliated and embarassed to the point of being Psychologically Disabled by the Trial Courts' Arbitrary and Unreasonable decision to Force Appellant to parade theough Voir-Doir and Trial wearing distinctively marked prison/jail clothing and clearly identifiable Leg-Shackles.. This unreasonable and Arbitrary decision by the Trial Court rendered the Entire Trial Fundamentalyy Unfair...

(27)

(6) Trial Court awarded Damages to Appellee.. Appellant argues that Appellee WAS NOT entitled to Damages separately nor to the Community Estate because Appellee DID NOT prove any amount of actual Damages caused by the alleged Fraud by Appellant, and that Appellee had actual knowledge that Appellant not only approved of but once stated a desire to live the alternative life-style,, Matter of Marriage Devine, 869 S.W.2d 45... Without showing actual monetary loss, there can be No Damages, exemplary or any other kind,, Eberle v. Adams, 73 S.W.3d 322.. THE COURT HAD AMPLE POWER AND EVEN THE DUTY TO PREVENT AN INJUSTICE and the Findings of the Jury was in Error and/or in Excessive,, Moore v. Moore, 840 S.W.2d 821.. The burden was on Appellee to establish Damages with reasonable certainty to ensure a Jury could compute possible Damages,, Lowe v. Gulf States Utilities Co., 75 S.W.3d 449.. Despite the Jury's broad discretion in awarding Damages, there must be some Evidence to justify the amount awarded, as a Jury can NOT simply pick a number and put it in the Blank as was done in Appellants' case,, Shindler v. Anderson, 985 S.W.2d 392.. Excessive Damages can not put a Defendant into insolvency,, Haslip, 449 U.S. 1, @ 21..

(7) Trial Court awarded Separate Property to Appellee.. Appellant was egregiously Harmed when the Trial Court found that the Property known as 212 south 15th Street, Nederland, Texas was 100% Appellees' separate Property when Record will show that at the inception of Title, the Property was GIVEN to Appellant and Appellant ONLY, on the death of Appellants' Mother, Lizzie Bell Lee Pelloat on October 3,2003,, D.B. v. K.B., 176 S.W.3d 343...; Alsenz v. Alsenz, 101 S.W.3d 643...; Henry S. Miller v. Evans, 459 S.W.2d 426(Tx. 1970)..; Colden v. Alexander, 171 S.W.2d 328( Tx.1943)..; Matter of Parrish, 7 F.3d 76 (Ca.-5,Tx.)..; Tex.Fam.Code, § 3.001(1) and § 3.002... Texas Law firmly fixes character of Property as Separate or Community at the time of Inception,, Ray v. U.S., 385 F.Supp. 372..; Barnett v. Barnett, 67 S.W.3d 104 (Tx.2001)...

(28)

Separate Property will keep its' character throughout a series of Exchanges,, Walton v. Walton, 864 S.W.2d 652..; Camp v. Camp, 972 S.W.2d 906..; Winkle v. Winkle, 931 S.W.2d 420..; Welder v. Welder, 794 S.W.2d 420.... Appellant presented to the Court the Separate Property issue in His Motion For A New Trial and in His Appeal to the Ninth Court of Appeals.. Separate Property of one Spouse CAN NOT become the Separate Property of the other because the nature of property is determined by the Constitution rather than that which may be just and fair,, Tex. Const., Art. 16 § 15...; Eggemeyer v. Eggemeyer, 554 S.W.2d 149 (Tx.1977)...

The Warantee Deed Dated November 14, 2004 (see:Petitioners' Trial Exhibit 4) clearly shows NO INTENTION by Appellant to convey ownership of the House into Appellees' Separate Property as a Gift nor Separate Property Recital,, Roberts v. Roberts, 999 S.W.2d 424..; Bahr v. Kohr, 980 S.W.2d 727..; Scott v. Scott, 805 S.W.2d 885..; Campbell v. Campbell, 587 S.W.2d 513..; Bohn v. Bohn, 455 S.W.2d 404..; Decker v. Decker, 192 S.W.3d 645,657... The Instrument of Conveyance must contain a Separate Property Recital,, Scott, supra..

The Warranty Deed contains No such Recital or a Donative Intent. The presumption that property Deeded by one spouse to the other is Separate Property by gift unless, as noted above, the Deed was procured through Duress or Undue Influence.. Record will show that Appellant was arrested on November 7,2004 on 2 Felony accusations Charges.. By November 14,2009 word had spread to both Appellee and Appellant about eventual Lawsuits to take EVERYTHING that Appellant owned.. By this time, November 14,2009, Appellant had only been offered a PLEA BARGAIN of 99 years on one Charge. Facing a large number of years in prison and future Lawsuits, Appellant put the House that's in Nederland, Tex., in Appellees' name to preserve and protect His Family Home..,and also to provide a place for Appelle to live, and to have a Home for Appellant to Parole to in the Future. Additional Stress was added when Appellee refused to allow Appellant to put the House in His Daughter's Name; therefore, under Stress and Duress Appellant had no other choice but to put the House under Appellee's Name, but it was NOT as a Gift as Appellee and Her Attorney, Troy Soileau, so Declared at Trial..

(29)

The Trial Courts' Mischaracterization of said Property was Error, a Reversable Error.. A Trial Court CAN NOT diveat a Spouse of his Separate Property,, Berry v. Berry, 647 S.W.2d 945(Tx.1983).; Roach v. Roach, 672 S.W.2d 524.. Appellant has shown that, at the Inception of Title, the House at 212 south 15th Street was put in Appellants' name, becoming His Separate Property...,there was NO Donative Intent nor Separate Property Recital in the Warranty Deed, and the House was Mis-Characterized at Trial which created a Reversable Error.. The Pelldat Family Home should be returned to Appellant as His Separate Property.. The House should in No Way be SOLD by Appellee, Katherine Bolenbaucher.. Appellant Filed a Motion For Injuction to prevent Sale of the House/Property, but it was Denied by Judge Shelton , making Him Civilly Liable if Sold,, Rusk v. Rusk, 5 S.W.3d 299.; Little v. U.S.Fidelity & Guaranty, 217 MISS. 576, 64 So.2d 697.

(8) the Trial Court Egregiously Harmed Appellant by Awarding a Disproportionate share of the Community Property to Appellee (75%-Appellee to 25%-Appellant) without ANY justification.. Courts have held that circumstance MUST justify awarding more than $\frac{1}{2}$ of the Community Property to one Spouse,, Smith v. Smith, 836 S.W.2d 688,; Fisher-Stoker v. Stoker 174 S.W.3d 272.. There are 7 Reasons that a Judge might consider Ordering more than $\frac{1}{2}$ of the Community Property within the Tex.Family Code,§ 7.001..None of those Reasons were given by Judge Shelton; However, Fault was the ONLY thing discussed at the Trial, indicating that the Reason must be Fault.. While Fault may be considered, the Division of Property should NOT be punishment for the Spouse at Fault.. Circumstance MUST be justified,, Smith, supra.. A Double Recovery exists when a Plaintiff obtains more than One Recovery from the same injury.. A Double Recovery is impermissable when a Tort action is Tried with a Divorce, it is imperitive that the Court avoid a Double Recovery..
Appellant states that a Double Recovery occurred in His Case when Judge Shelton awarded 75% of the Community Property to Appellee without Any justification and then allowed $1,010,000.00 in Excessive and unproven damages to Appellee for the only item presented which was Appellants' crime

(30)

Therefore, if a Fact-Finder awards damages, the Court must NOT consider the Tortous activity in the Division of the Marital Estate.. Since the Tortious activity was the only thing discussed it should be safely assumed that the Tortious activity or Fault could be the only reason to Award 75% of the Community Property to Appellee as punishment and Double Recovery,, Toles v. Toles, 45 S.W.3d 253, rev.,Toles, 113 S.W.3d 899 (Tex.)..; Schuleter v. Schuleter, 929 S.W.2d 96..; Cho v. Hong, 249 S.W.3d 441..; Foly v. Parlier, 68 S.W.3d 870... The Trial Court Erred when it made a Disproportionate Division of Community Property as to be inequitable,, Handley v. Handley, 122 S.W.3d 904.. There are very few cases where 75% - 25% is a Fair and Just share split of the Community Property but those ARE justified through Reasons contained within the Tex. Family Code..

(9) the Trial Court allowed opposing Counsels' use of inflammatory language.. Appellant argues that He was egregiously Harmed by opposing Counsels' repeated inflammatory arguments so as to inflame the minds of the Jury, referring to Appellant as being a Dangerous Predatory Pedophile and/or Child-Molester that it could not have been cured by pulling opposing Counsel into the Judge's Chambers for an Ex Parte Conference during the Trial.. Unwarranted and Repeated personal attacks on Appellant must be seen as incurable, and it is clear that Att.Troy Soileau went outside the Record and indulged in Inflammatory language in order to influence the Jury to return a high amount of Exemplary and Punitive Damages.. Courts have held that Objection is NOT required to preserve Error in the Case of incurable Arguments that were so inflammatory that it is Harmful and Prejudicial that it can not be cured by Personal Conference with the Judge nor Motion to Disregard,, Williams v. Lavender, 797 S.W.2d 410..; Gorman v. Life Ins., 859 S.W.2d 382..; Amelia's Inc. v. Rodriguez, 921 S.W.2d 767..; Austin v. Shaminie, 948 S.W.2d 927..

(10) the Trial Court acted with disregard to Statutory Rules and Guidelines..
Appellant argues that the Rules relating to Service and Notice are
MANDATORY, and a Judgment entered that does not comply with the Rules
set regarding Certificate of Service or Notice is in All regards VOID,,
Langdale v. Villimil, 813 S.W.2d 443..; Mabon, Ltd., 369 S.W.3d 312
(Tx.2012)..; Caldwell II, 154 S.W.3d @ 197 (Tx.2004)..; Board of
Trustees of Bastrop ISD v. Toungate, 959 S.W.2d 365 (Tx.1997(..
Courts have held that the Motion being sent for judgment must be given
to ALL interested Partys by the Movant, or else the correction is a
Nullity,, West Tx. State Bank v. Gen. Rest. Mgmt., 757 S.W.2d 304..
A judgment is VOID for Lack of Service,, CCGECP u R of M v. Arriba, Ltd,
882 S.W.2d 576.. The Tex. Rules of Civ. Proc. requires Motions of ANY
kind to be in writing and contain a Certificate of Service,,
Union City Body, Inc. v. Ramirez, 911 S.W.2d 196.; Loffland Brac. Co. v.
Downey, 822 S.W.2d 249.. The Record will reflect that NONE of the
NUNC PRO TUNCs presented to and signed by the Judge contained any
Certificate of Service or Notice as is required by Rule 21a of the
Tx.R.Civ.Proc... Failure to comply with Service/Notice to opposing
Counsel is Denial of a Partys' Right to be heard in a contested case,,
Loffland, supra,,; Rule 8.219, Tx.Civ.Prac.& Rem.Code.. A Partys'
Due Process Rights are Violated when He does not receive adequate
Notice of a Hearing or Trial setting,, Brouseau v. Ranzau, 25 S.W.3d 285;
Lopez v. Lopez, 754 S.W.2d 921 (Tx.1988)..; Soloman, Lambert, Roth &
Assoc. v. Kidd, 904 S.W.2d 897..
Appellant DID NOT received NOTICE of any NUNC PRO TUNC proceedings
nor that such were Signed by Judge Shelton.. Moreso, the Hearings of
Nov.5,2009,, Nov.18,2012,, Apr.10,2014,, July 11,2017, Appellant was
only given ONE DAY NOTICE of the Hearings by Prison Officials.. Nothing
came from the Trial Court about the Date and Time of the Hearing nor
what would be discussed thereat..

(32)

The Supreme Court has made it clear that the Record of Service must show compliance with the Rules covering Service of Process,, Caldwell v. Barnes, 975 S.W.2d 535 (Tx.1990).. Lack of Service is Denial of Due Process Constitutional Right, which relieves the showing of the Three Elements regulating a BILL OF REVIEW,, U.S.C.A.,Const. Amen.,14th..; Caldwell II, supra @ 197.. If a judgment was rendered without Service in Accordance with Rules of Service, it renders the judgment VOID,, Strawder v. Thomas, 846 S.W.2d 61..; PSU-Exts. Elec. v. Trejo, 166 S.W.3d 889..; Tx.R.Civ.Proc.,Rule 124.. The Final Decree and its' NUNC PRO TUNCs are ALL VOID Judgments, and Appellant is suffering from a wrongfully obtained Judgments.. Equity is satisfied and the Court should GRANT requested RELIEF,, State v. 1985 Chev. Pick-up Truck, 778 S.W.2d 463..

Appellant argues that when Judge Shelton signed the NUNC PRO TUNC Final Decree of Divorce, it VOIDED the Original Final Decree of Divorce AND making everything signed on or after April 25,2011 Null and Void and ALL Properties and Judgments awarded are Void and a Nullity...

(11) the Trial Court violated Appellants' Due Process Rights.. Courts have held that failure to comply with Service or Notice to opposing Counsel is Denial of that Partys' Right to be heard in contested case and a violation of Due Process,, Loffland, supra..; Caldwell, supra..;; U.S.C.A.,Const.Amend.,14th... Trial Court MUST grant sufficient Time for Discovery and reasonable Notice of [any] Trial setting,, Freeman v. State, S.W.3d 827..; Tex.Const.,Art.1 § 19..; Brouseau, supra... A Party's Due Process Rights are violated when when He does not receive adequate Notice of a Hearing or Trial setting.,, Lopez, supra..; In. re.North Amer. Refrac. Div. Co., 83 S.W.3d 97..; Const. Law Digest, Keys 256.6 and 314.. Eventes v. Sacoin, 407 U.S. 67, 8092 S.Ct. 1983..

(33)

The Court held in <u>Eventes</u> that 2 week Notice of a Trial setting is NOT meaningful Notice of Service...

(12) the Trial Court ORDERED the changing of the Division of Property..
A QDRO is a species of Post-Divorce Enforcement or Clarification..
It may not alter or change the Division of Property made or approved
in the Decree of Divorce which, according to the Rules of Service
within the Tx.R.Civ.Proc., that Judgment is VOID for Lack of Service,,
Tex.Fam.Code,§ 9.002a..; <u>Reiss v. Reiss</u>, 118 S.W.3d 439 (Tx.2003)..;
<u>Gainous v. Gainous</u>, 219 S.W. 3d 97..
The Formula used at Trial was <u>Taggart v. Taggart</u>, 552 S.W.2d 423..
The Taggart Formula states that a Wife's share of a Husbands'
Retirement is $\frac{1}{2}$ of the Community Property Interest determined by:
    COMMUNITY PROPERTY= the number of years married under the
                        retirement plan divided by the number of
                        years worked under the plan

Appellant argues that the QDRO changed the Top Number so as to say
that the Standard Annuity is based on Salary and Service during Marriage.
The Top Number in the QDRO Formula had increased the Benefits earned
during Marriage from 13 (Taggart) to 23 years,3 months.. The QDRO
Formula significantly altered the Division of Property which
violated the Texas' Supreme Court ruling stating that benefits are
determined at Retirement and NOT at Divorce.. With a Fully Matured
Retirement Courts apply the <u>Taggart</u> Formula to determine the extent
of the Community Interests,, <u>Limbaugh v. Limbaugh</u>, 91 S.W.3d 1,,;
Appellants' Retirement was Fully Matured in 2000.. Thus, increasing
the number of years of Marriage to the date of the Divorce in 2010
greatly changed the Division of Property.. The <u>Taggart</u> Formula is
backed by the Courts in, <u>Berry v. Berry</u>, 647 S.W.2d 945 (Tx.1983),,
<u>Burchfield v. Finch</u>, 918S.W.2d 422 ,and  <u>Shanks v. Treadway</u>,
110 S.W.3d 44 (Tx.2003)....

(34)

As of 2015, a total of 24 Cases have cited Taggart in front of the
Texas Supreme Court.. All have stated in partition action that a
former Husbands' Retirement Benefits are to be apportioned based
on Taggart at the Date of Retirement and NOT the Date of Divorce,
except in certain cases where Retirement happens after Divorce..
The Courts' refusal of using Taggart instead of the QDRO Formula
goes against the Guidelines, Rules, and Standards in place and is
an Abuse of Discretion..

(13) the Trial Court Over-Ruled Appellants' Objections regarding the
unclear number of years used within the QDRO.. The QDRO must contain
clear, concise numbers pursuant to the Tex.Fam.Code, § 9.008..
The QDRO that was Approved and Signed by Judge Shelton lacked clear
Numbers.. When Appellant questioned those unclear Numbers used
or those to be used in the QDRO, Judge Shelton got Angry, threatened
to remove Appellant from the Hearing, and abruptly and arbitrarily
ended the Hearing by Signing the QDRO OVER Appellants' Objections..
Appellant was not able to fully develop his Objection, especially
the Addition of Special Instruction 6 which was added by opposing
Counsel, having removed Special Instruction 1 from Origonal Motion,,
Jones v. Jones, 154 S.W.3d 225.. A  Trial Court Errs when it enters
an Amended QDRO, if there is nothing in the Record to indicate the
Amended QDRO was necessary..  The reason given was to meet
requirements by the Teachers' Retirement System for a QDRO..
The only change was the withdrawal of Special Instruction 1 and
adding Special Instruction 6 by Opposing Counsel.. On the Original
Motion that contained Special Instruction 1, it mentioned a
valuation date that extended the number of years of Marriage to the
date of Divorce..  As was told to Appellees' Attorney, Ms.Petitt, in
Appellants' Reply, valuation date had to do with the date of death of
a Spouse and neither Mrs.Bolenbaucher nor Appellant were dead.. Thus,
Special Instruction 1 was withdrawn and Special Instruction 6 was
added to DEFRAUD the Teacher's Retirement System out of more money..

(35)

(14) the Trial Court DENIED Appellant to present Evidence.. Appellant was egregiously Harmed when Judge Shelton Denied Appellants' Evidence Exhibits and Stating that the Evidence would confuse the Jury because it had Two ways to determine Taggart; However, Judge Shelton allowed Appellee's Exhibits which stated that the number of years Married was 23.5 years to confuse the Jury about the number of years to be used on the Top number of Taggart.. The Denial of One's Evidence and acceptance of another's clearly DEFIES Rule 403 of the Federal Rules of Civ.Proc.., the 28th Amend. to the United States' Const.,, and an Abuse of Discretion...

# POINTS OF ERROR AND ARGUMENTS
## ISSUE TWO
### EXTRINSIC FRAUD

---

The type of Fraud necessary to Set Aside a Judgment in a BILL OF REVIEW action under Texas Law is Extrinsic Fraud pursuant to the Tex.Civ.Prac.& Rem.Code, Art.§ 16.051..; In re Husain, 168 BR 591.. Any Fraud practiced on the Court is always Grounds for Vacating a Judgment..

Appellant states that the following is where the Court was deceived or misled as a material circumstance:

In the July 1,2009 Ex Parte Hearing from Att.Soileau to Kathy McKay:
Soileau -" it is true you are receiving funds from Teacher's Retirement
  System?",
McKay  -" yes, I am"..

Appellant states that this was Fraud and Perjury to make Judge Shelton believe that Ms.McKay was receiving money from Teacher's Retirement System when in fact it was actually Appellant, James Allen Pelloat, that was receiving funds from the Teacher's Retirement System in the form of His Retirement Annuity..

More examples of Extrinsic Fraud occurred in the Final Decree of Divorce, in the NUNC PRO TUNC Final Decree of Divorce, in the First Amended NUNC PRO TUNC Final Decree of Divorce, and in the Second Amended NUNC PRO TUNC Final Decree of Divorce when Att. Soileau listed 11 items of Property that Appellant could receive from Appellee.. The problem however was that each of those items belonged to Third Parties at the time the Divorce, and not owned by neither Appellee nor Appellant, creating Fraud on Appellant and the Court for Over $ 73,000.00.. Each document and each item was a different Violation of the Texas Penal Code § 32.10- Tampering with a Goverment Record..,and such could also be Prosecuted under Tex.Penal Code § 32.46- Attempt to Defraud Another., sec.(2) causes or induces a Public Servant to file on Record
any proported judgment or document..

(37)

The examples of Extrinsic Fraud listed:

1) the Denial of Discovery;

2) the lack of Notice and Certificate of Service on ALL NUNC PRO TUNCs signed by Judge Shelton;

3) the lack of Notice by Judge SHelton as to the Dates of Hearings and what was to be discussed at those Hearings with Appellant only being left out; and

4) the Official Mistake and lack of the Clerk of the Court on NEVER sending Notice immediately to ALL Partys that the Judge had Signed a Document or Issued an ORDER..

All the above are well Documented under earlier proceedings, but Law Cases in support of Appellants' Arguments above are as follow,, Flores, supra..; In re Husain, supra..; CCGECPW u R of M, supra..; Pinkston v. Pinkston, 266 S.W.2d 575..; Amer.Gen.Fire & Cas.Co. v. Shatman, 761 S.W.2d 582..; Tex.Civ.Prac. & REm.Code, Art. § 16.051...

## POINTS OF ERROR AND ARGUMENTS
## ISSUE THREE
## OFFICIAL MISTAKE

Official Mistakes occur when an Official of the Court fails to perform their Duties as they are Required and those Errors hinder Parties from properly Defending their Cases in Court..

Pursuant to Rule 306a (3), Tex.R.Civ.Proc., when a Final Judgment or other Appealable Order is Signed, the Clerk of the Court SHALL immediatelly give Notice to ALL Parties or Their Attorneys that the Judgment or Order was signed by First-Class Mail..

Official Mistake, for purpose of obtaining a BILL OF REVIEW, refers to either Erroneaus Information given by the Court or an Official Court function or Mistake of Error of the same in the Discharge of required Official Duties,, Mowbray v. Avery, 76 S.W.3d 663,665..

The Clerk of the Court for the 279th District Court failed to immediately send Notice that 1) the Final Decree of Divorce was Signed on April 25,2011, 2) the NUNC PRO TUNC Final Decree of Divorce was Signed on July 11,2011, 3) the First Amended NUNC PRO TUNC Final Decree of Divorce was Signed on August 16,2011, and 4) the Second NUNC PRO TUNC Final Decree of Divorce was Signed on August 17,2011.. Four (4) Official Mistakes were made as well as Failing to serve Notice on Appellant about the Declaration of Divorce which was Signed on August 26,2010.. Although Appellant was present on August 26,2010 in Court, nothing was sent in writing to Appellant indicating the signing of such..

It was an Official Mistake by Judge Shelton when He Failed to require that a Certificate of Service be attached to the NUNC PRO TUNCs..

It was an Official Mistake of the District Clerk in Failing to require that a Certificate of Service be included in ALL Motions filed..

Review can be justified for Officials who improperly execute Their Official Duties or Official Mistake,, <u>Nichols v. Jack Ekerd Corp.</u>, 908 S.W.2d 5.. Failure of the Court Clerk to send Notice is an Official Mistake,, <u>Lawrence v. Lawrence</u>, 911 S.W.2d 463..

On April 20,2012 a Hearing was held.. Prior to the Hearing Judge Shelton and Att.Troy Soileau had discussed what was to be covered at the Hearing.. At some point during that Ex Parte Conversation Att.Soileau was told to bring a copy of everything to the Hearing that He had sent to Appellant.. Then on the day of the Hearing before Appellant appeared at the Hearing via Telephone, Judge Shelton says to Att.Soileau, " we just have to... I need you to be sure and get your letters together showing when you sent him everything"..
This was Recorded by the Court Reporter and appears on page 4, lines 4-10,, where then Att.Soileau replies," I got it, Judge".. Appellant is not put on the Phone until line-18..

This is not only an Official Mistake, it is an Ex Parte Communication between the Judge and only One party, Att.Soileau.. It is also Judicial Misconduct and Civil Conspiracy where the Two conspired against Appellant..

At the end of that Hearing the Record continues to state on page 34, lines 1-11,

    the Court: Nunc Pro Tunc...and that...and that on...and according...
              and on August 17,2011 is apparently the first time that
              you laid eyes on the...on the...the Nunc Pro Tunc, is that
              the one that you actually saw?

  Mr. Pelloat: No. I saw all of them at one time.

    the Court: Okay. And that was on August 17 ?

  Mr. Pelloat: Yes sir...

The conversation ended with the Judge and Appellant agreeing that on August 17,2011 Appellant First saw the NUNC PRO TUNCs..

It is obvious to Appellant that after He got off the Phone Judge Shelton and Att.Soileau had a further Ex Parte Conversation because Judge Shelton sent His reply to the 9th Court of Appeals that same day stating that Appellant knew something was Signed on July 11,2011.. Appellant states that He DID NOT know what was Signed thereat because Att.Soileau NEVER sent Him a copy of said NUNC PRO TUNCs as required by Rule 21a of the Tex.R.Civ.Proc.,. Moreso, according to Rule 124 of the Tex.R.Civ.Proc., there can be NO JUDGMENT without proper Service.. The activity between Judge Shelton before, during, and after this Hearing should Disrobe and Disbar each individual...

It was an Official Mistake and Abuse of Discretion to arbitrarily Deny Appellant's Motion for a BILL OF REVIEW.. No reason for Denial was given.. In a Motion for a BILL OF REVIEW, Appellant need only to prove a Prima Facie Case to send the Motion to a Trial, as Appellant has done herein,, Caldwell, supra..; State v. 1985 Chev. Pick-up Truck, supra.,,; Beck v. Beck, 771 S.W.2d @ 162 (Tx.1989)..; Dean v. Kirk, 508 S.W.2d 70 (Tx.1974)....

(41)

POINTS OF ERROR AND ARGUMENTS

ISSUE FOUR

VOID JUDGMENTS

Appellant argues that the signing of the Final Decree of Divorce and ALL subsequent NUNC PRO TUNCs are in fact VOID..

Rule 316, Tex.R.Civ.Proc.,- Thereafter the Execution SHALL conform to the Judgment as Amended..

When the NUNC PRO TUNC Final Decree of Divorce was signed on July, 11,2011, the Amended version REPLACED the Entire Final Decree of Divorce.. Thenafter, each subsequent NUNC PRO TUNC completely REPLACED the previous..

Rule 124, Tex.R.Civ.Proc., states that in NO case shall Judgment be rendered against ANY Defendant UNLESS upon Service as prescribed in these Rules, (Rule 21 & 21a, Tx.R.Civ.Proc.).....

With NO Certificate of Service attached to any of the NUNC PRO TUNCs, and Att.Soileau's Letter dated August 17,2011 confirming that prior Notice of Service HAD NOT been given, and with the New Orders voiding the Old Ones, the Final Decree of Divorce and its' NUNC PRO TUNCs are ALL Void, and Appellant is suffering under a Void Judgment,, Middleton v. Murff, 689 S.W.2d 212 (Tx.1985)..; Dean, supra..; In re E.R., 385 S.W.3d 552 (Tx.2012)..; Walling v. Metcalfe, 863 S.W.2d -- (Tx.1993)..; Browning v. Prostok, 163 S.W.3d 336 (Tx.2005)...

POINTS OF ERROR AND ARGUMENTS

ISSUE   FIVE

DUE PROCESS VIOLATIONS

Appellant argues that His Rights under the Consttutional Due Process Clause of the 14th Amendment to the United STates Const. were Violated..

Due Process is violated when a Defendant Does NOT receive actual or constructive Notice of a Judgment put before the Court or in a Hearing of Motions.. Due Process Violation is established if the Defendant proves He was NOT Served or Did Not receive Notice,, Mabon, Ltd., supra..; Caldwell II, supra...; Cash v. Beaumont Dealers Auto Auct.,Inc., 275 S.W.3d 918...

Judgment is Void for lack of proper Service which DENIES party of Due Process.. There was NO Certificate of Service on ANY of the NUNC PRO TUNCs filed by Att.Soileau, and there was NO advance Notice given to Appellant regarding the Phone-Hearings held on Nov.8,2011,, Nov.28,2011,, April 20.2012,,and July 20,2015.. Yet, there WAS advance Notice given to Appellees' Attorney, Troy Soileau,., In re Marriage of Ham, 59 S.W.3d 326,; In re North Amer.Refrac.Div.Co., supra..;CCGECPW u R of M, supra..; Brouseau, supra...

If a Defendant was NOT Served in Original Proceeding, Constitutional Due Process releases Him of Showing for Cause 1, 2 & 3 of the BILL OF REVIEW Statute.,, Caldwell, supra @ 536....

(43)

## RELIEF  REQUESTED

Appellant Respectfully Requests The Following Relief From BILL OF REVIEW :

(1) that Appellants' Retirement Annuity being Awarded to Appellee be
determined by the Taggart formula or by Shanks, which actually is
now a more accepted Division of Property, as Taggart has been
Red-Flagged as too lenient.. This was mentioned in a offer to
Appellee to Settle this case once and for all..;

(2) that Appellees' share of the Community Property Interest involving
Appellants' Retirement Benefits be designated as 50% NOT 75%, which
is still unjustified by Judge Shelton.. If Shanks is used, it
eliminates the Judge's 75% Decision and the 50% of Taggart, and
the mis-calculation within the QDRO..;

(3) that the House at 212 south 15th St., Nederland, Texas be declared
Appellants' Separate Property due to the Inception of Title, and
be returned to Appellant and His Family as originally Promised
by then Mrs. Pelloat-McKay..;

(4) that ALL Injunctions against Appellant be Dismissed..;

(5) that Appellant be Reimbursed for ALL Fees paid to the Court for
this Case as listed in the various Courts' Dockets and Bill of Costs
either adjudicated to Judge Shelton, Att.Troy Soileau, Appellee
Katherine Pelloat-McKay-Bolenbaucher, and Att.Melody Petitt...
The Hearing For The BILL OF REVIEW should determined if
Mrs.Bolenbauchers' 5th and newest Attorney will be Liable...

## PRAYER

Appellant Prays that this Honorable Court see pass Hiss crime and incarceration and acknowledge the Abuse and Harm that has been inflicted apond Appellant by the Court, by Appellee and by a Team of different Attorneys throughout the proceedings of this Case, and GRANT Appellant the Requested Relief and Finally give Appellant Justice.. Justice is really all Appellant is seeking and not trying to Deprive Appellee of any Property that is rightly Hers..

SO MOVED AND PRAYED FOR ON THIS 8ᵗ DAY OF DECEMBER,2017..

Respectfully Submitted,

*James A. Pelloat*

James A. Pelloat, Appellant
T.D.C.J.#1289716
C.T.Terrell Unit
1300 F M 655
Rosharon, Tex.77583
(Appellant pro-se)


## DECLARATION

I, James Allen Pelloat, am the Appellant herein and being presently incarcerated within T.D.C.J.-I.D. at the C.T.Terrell Unit in Rosharon, Texas, Delare under Penalty of Perjury that according to my belief, the Facts Stated in this Appellant's Brief are True and Correct..

SIGNED THIS 8ᵗ day of DECEMBER,2017..

*James Allen Pelloat*

James Allen Pelloat
Appellant pro-se

(45)

CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A TRUE COPY OF THIS APPELLANT"S BRIEF
HAS BEEN DEPOSITED IN THE        MAIL-BOX AND MAILED BY CERTIFIED MAIL
TO THE BELOW LISTED PARTIES ON THIS THE 8th DAY OF DECEMBER, 2017....

Sincerely,

*James A. Pelloat*

James A. Pelloat- Appellant


1) CAROL ANNE HARLE, Court Clerk
   9TH Court of Appeals
   1001 PEARL St, SUITE 330
   BEAUMONT TX 77701 -3552


2) Lawyer For Appellee
   BERNARD Lapray
   1240 Orleans
   Beaumont, Texas 77701


3) Jamie Smith, District Clerk
   Jefferson County District Clerk
   279th District Court
   1001 Pearl St., Suite 203
   Beaumont, Texas 77701


4) File, jap


(46)